KIEFER *v.* STATE OF INDIANA.

[No. 29,871. Filed November 1, 1960. Rehearing denied December 13, 1960.]

*Barrie C. Tremper* and *Tremper & Kenny,* of Fort Wayne, for appellant.

*Edwin K. Steers,* Attorney General, *Richard M. Givan,* Assistant Attorney General, and *Richard C. Johnson,* Deputy Attorney General, for appellee.

ACHOR, J.—Appellant was indicted for murder of Pearl M. Kiefer, his wife, the charge being in the first degree. To this indictment appellant filed a special plea of not guilty by reason of insanity at the time the offense was alleged to have been committed. Upon trial by jury appellant was found guilty and sentenced to death.

The sole error assigned and argued as cause for reversal is the admission of appellant's confession into evidence without first deleting that portion by which he also confessed to having killed his daughter.

It is appellant's contention that reversible error was committed by the trial court in admitting that part of the confession relating to the killing of his daughter when he was being tried for the murder of his wife.

In support of this position, appellant cites numerous authorities all stating the general rule to be as follows:

> "In proving a confession, the prosecution may introduce parts of the conversation which show, or indicate, that the accused has committed other and separate offenses, where such admissions are inseparably connected with the

confession of the crime charged. In such cases the whole confession is admissible in evidence and may go to the jury under directions that they shall disregard the parts of the confession which do not relate to the crime in issue. But when the parts of a conversation connected with a confession of the crime charged can be separated from those relating to other offenses, only those parts which are material to the crime charged should be received in evidence." 20 Am. Jur., Evidence, §489. Cf: 22 C. J. S., Criminal Law, §820; Wharton's, Criminal Evidence, 11th Ed., §771, p. 1211; Wigmore, §218, p. 719.

We believe the above accurately states the law generally applicable to confessions. Basically the same rule applies generally to the admission of evidence of other and separate offenses. However, the instant case does not fall within the above stated rule for the reason that that portion of the confession which appellant contends to be immaterial was actually admissible as part of the *res gestae*. Evidence of another and distinct crime is admissible where it was committed as part of the same transaction, and the fact that the evidence is admitted by way of a confession does not change the application of the rule. The *res gestae* is not confined to the act charged, but includes acts, statements, occurrences and circumstances which are substantially contemporaneous with the main fact. I. L. E., Criminal Law, §171; C. J. S., Criminal Law, §662; *Starr* v. *State* (1903), 160 Ind. 661, 67 N. E. 527.

The killing of the child was simultaneous with the attack on his wife, being accomplished with the same weapons and occurring in the same geographical area. Under the exact same set of facts as the instant case, this court held that the killing of appellant's child was part of the *res gestae*. *Kiefer* v. *State* (1958), 239 Ind. 103, 153 N. E. 2d 899. Therefore,

it was proper for the trial court to admit into evidence the part of appellant's confession regarding the killing of his child as part of the *res gestae.*

The appellant relies heavily on the case of *Brown* v. *State* (1953), 232 Ind. 227, 111 N. E. 2d 808. That particular case involved the admission of a confession which contained statements of the accused relating to the commission of five different robberies which were committed over a 30-day period. The other crimes in the confession were clearly not part of the same transaction as to come within the *res gestae* exception, cogently distinguishing the *Brown* case from the case at hand.

Furthermore, appellant ignores the fact that under his plea of insanity, evidence of other crimes committed by him became admissible. As stated in the case of *Kallas* v. *State* (1949), 227 Ind. 103, 122, 83 N. E. 2d 769, 336 U. S. 940, Cert. denied 69 Sup. Ct. 744, 93 L. Ed. 1098:

> "When insanity is an issue in a criminal cause, evidence of relevant acts and conduct of the person involved during his life is admissible. . . ." Cf. *Baker* v. *State* (1921), 190 Ind. 385, 129 N. E. 468. This constitutes an additional reason why the rule of *Brown* v. *State, supra,* does not apply.

Finding no error in the trial court, the judgment is affirmed.

Jackson, C. J., Arterburn, Bobbitt and Landis, JJ., concur.

NOTE.—Reported in 169 N. E. 2d 723.