JAMES WESLEY GRIMES *v.* STATE OF INDIANA.

[No. 271S44. Filed April 3, 1972.]

William C. Erbecker, of Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General, *Frederick R. Spencer*, Deputy Attorney General, for appellee.

GIVAN, J.—The appellant was charged by indictment with the crime of robbery as defined in Burns Ind. Stat., 1956 Repl., § 10-4101. Trial by jury resulted in a verdict of guilty. Appellant was sentenced to the Indiana State Prison for a period of not less than 10 years nor more than 25 years and disfranchised for a period of five years.

The record reveals the following facts:

Walter Ege was a night attendant at a Shell Filling Station located at 962 West Washington Street in the City of Indianapolis. In the early morning of October 19, 1969, a 1961 Ford automobile entered the filling station driven by a man later identified as the appellant. He was accompanied by a woman. After first ordering gasoline, the driver of the car then informed Ege, "this is a holdup" and pointed a double-barreled shotgun through the window of the car and forced Ege to drop his money, which consisted of $1.51. At the same time the woman companion was removing goods from a shelf in the filling station.

After completing the robbery of Ege, the appellant pulled his car forward some seven or eight feet and honked his horn, whereupon the woman left the filling station carrying numerous items which she had taken from the shelf. After she had entered the car, the two left. During this period of time Ege was able to see the license number on the car and wrote it down on a matchbook cover he had in his pocket.

Mr. Ege identified photographs of the appellant and also identified the appellant at a preliminary hearing and during the trial of this cause.

Appellant filed an alibi notice in which it was stated that during the alleged time of the robbery he was in Cincinnati, Ohio. In support of his alibi the appellant presented the testimony of his uncle, Walter Davis; appellant's step-mother,

Willa Mae Grimes; the appellant's wife, Anita Louise Grimes, and Freddie L. Weber, the mother of the appellant.

Appellant first claims the trial court erred in permiting the introduction into evidence of the matchbook cover on which Ege had written the license number of appellant's vehicle. Appellant's objection to the trial court was that this evidence was self-serving and thus inadmissible. We cannot agree with appellant's theory that the matchbook cover with the license number written on it was self-serving evidence. The information which Ege had written down was merely the make and model of the automobile and the number of the license plate. There were no conclusions of Ege nor statements of justification which are ordinarily found in self-serving declarations. It is our observation that the matchbook cover is more aptly described as a writing or memoranda used to refresh the recollection of the witness. It is not clear from this record whether the memoranda was used to refresh the present or the past recollection of the witness. If it was a memoranda used to revive the present recollection, the general rule is that it is not admissible. However, if it is admitted into evidence, the judgment would not be reversed unless it was shown that the introduction of the exhibit was harmful to the opposing party. In the case at bar the witness had already testified as to the make and model of the automobile and to the license number. The introduction of the matchbook cover was merely cumulative of that evidence. Appellant does not claim nor do we find anything in the record which would indicate that he suffered any additional prejudice by the introduction of the exhibit. See 29 Am. Jur. 2d, *Evidence,* § 876. On the other hand, if the matchbook cover and the information contained thereon were used as a record of past recollection and after verification became his present evidentiary statement, they may be admitted in evidence in connection with his testimony as part of his direct examination. See 29 Am. Jur. 2d, *Evidence,* § 877. In either event whatever may have been the state's theory on the use of the matchbook cover

as evidence, we hold there was no reversible error committed by the trial court in permitting its introduction into evidence.

Appellant next claims the trial court erred in permitting testimony to the effect the woman companion of the appellant took accessories from the filling station valued at $33 in the course of the robbery. It is appellant's contention since the affidavit only charged the taking of $1.51 in cash from the person of Ege that it was improper to allow testimony concerning the goods taken from the station. With this we do not agree. There was ample evidence from which the jury could conclude that the appellant and his woman companion were acting in concert in the perpetration of the robbery. Any and all acts performed by either of them in the course of the robbery are part of the *res gestae* and as such are admissible in evidence, even though those acts may tend to show the commission of criminal acts other than those charged in the affidavit.

This Court stated in *Carver* v. *State* (1962), 243 Ind. 183, 185, 183 N. E. 2d 592 that

> "Although the appellant was not charged with taking the money order box or the rubber stamp, the fact that they were part of the property missing following the night of the alleged larceny makes the evidence with reference thereto part of the res gestae as well as competent to prove the corpus delicti. Wharton's Criminal Evidence, p. 627, § 279; *Schuble* v. *State* (1948), 226 Ind. 299, 79 N. E. 2d 647; *Hunt* v. *State* (1939), 216 Ind. 171, 23 N. E. 2d 681; *Parker* v. *State* (1949), 228 Ind. 1, 88 N. E. 2d 556."

The trial court did not err in permitting the admission of this evidence.

Appellant makes several references to testimony by police officers to the effect that appellant had a previous arrest record, and that he was a holdup suspect. He claims this evidence on the part of police officers was a deliberate attempt on their part to improperly bring this evidence to the attention of the jury. This Court has previously condemned what

is termed "an evidentiary harpoon," where the prosecution through its witnesses successfully places evidence before the jury which is improper, such as previous arrests and convictions of the defendant, in situations where such evidence would not be admissible. See *White* v. *State* (1971), 257 Ind. 64, 272 N. E. 2d 312, 26 Ind. Dec. 568. However, in examining this kind of evidence the court must refer to all of the evidence in the case to determine whether or not the testimony actually was "a harpoon."

An examination of the record in the case at bar discloses that no mention had been made during the direct examination of the state's first witness, Walter Ege, as to any prior criminal record of the appellant. However, on cross-examination by appellant's attorney, the appellant's prior criminal record was brought out. Mr. Ege was asked if he knew that appellant had a prison record at the time he was looking at photographs in an attempt to identify him. Mr. Ege replied that he did not know of any prison record of the appellant. Appellant's attorney also brought out on cross-examination that the appellant had been charged with another robbery of one Herbert Lamb and cross-examined Mr. Ege at length as to whether or not he was involved in that prosecution and whether or not he had conversations with Mr. Lamb concerning the appellant. All of this occurred prior to any reference whatsoever by any witness for the prosecution that the appellant had any prior record.

The references by police officers to a prior record of the appellant were not specific and merely alluded to the fact that they had photographs of the appellant because he had been arrested before. Under the circumstances when taking the evidence in its entirety it becomes apparent that appellant's prior criminal record was injected into the lawsuit by appellant's attorney. (This observation is not meant to be critical of appellant's attorney. Very often defense counsel must make a decision as to how he will approach facts with which he must contend.) Under these circum-

stances a subsequent reference by a state's witness to the fact that appellant had a criminal record cannot be considered to be "a harpoon." We, therefore, hold the trial court did not err in refusing to grant a mistrial on the basis of these statements. We would further note that the trial court in an effort to be fair to the appellant did admonish the jury to disregard statements as to appellant's prior record, even though this prior record had previously been alluded to by defense counsel.

Appellant also alleges the trial court erred in permitting evidence to the effect that the appellant had stolen a 1967 Buick from Bob Catterson Buick in Indianapolis subsequent to the robbery. When examined in its entirety this evidence discloses that the license number which Mr. Ege obtained from the car driven by the robbers and turned over to the police department had been issued to the appellant. At the time of the arrest of the appellant he was driving a 1967 Buick Electra 225 bearing the same license number. It was necessary for the state to explain to the jury that the appellant had acquired the Buick automobile subsequent to the robbery in order to present evidence that Mr. Ege's testimony was not necessarily inconsistent when he stated that same plate was on a Ford automobile at the time of the robbery. The fact that the state's evidence as to when and how the appellant acquired the Buick automobile also incidentally disclosed that he had committed a crime in obtaining the automobile does not make such evidence inadmissible. In the case of *Kallas* v. *State* (1949), 227 Ind. 103, 83 N. E. 2d 769, at page 114 this Court in quoting from Underhill on Criminal Evidence stated:

> " 'All evidence is relevant which throws, or tends to throw, any light upon the guilt or the innocence of the defendant. And relevant evidence which is introduced to prove any material fact ought not to be rejected merely because it proves, or tends to prove, that at some other time or at the same time the accused has been guilty of some other separate, independent, and dissimilar crime. The

general rule is well settled that all evidence must be relevant. If evidence is relevant upon the general issue of guilt or innocence, no valid reason exists for its rejection merely because it may prove, or may tend to prove, that the accused committed some other crime, or may establish some collateral and unrelated fact. *Underhill on Criminal Evidence* (2 Ed.) p. 163, and many cases cited.' "

We, therefore, hold the trial court did not err in permitting evidence as to how and when appellant acquired the Buick in which he was arrested.

Appellant also claims the trial court should have sustained a motion for mistrial for the reason that a witness for the state remarked that at the time the police read appellant his constitutional rights he remained uncooperative and refused to answer questions. However, upon objection by appellant's counsel the trial court admonished the jury to disregard such remarks and ordered the remarks stricken from the record. In view of competent evidence in the record concerning appellant's arrest and identification, it is hardly realistic to say the trial court should have granted a new trial simply because a police officer stated that appellant was uncooperative at the time of his arrest. To be sure the remark was uncalled for and should not have been made. The trial court was correct in admonishing the jury to disregard the statement. However, we hold that such admonition by the court in the factual framework of this case was adequate and that the court did not err in refusing to grant a mistrial. See *United States* v. *Kroslack* (7th Cir. 1970), 426 F. 2d 1129. See also *United States* v. *Becera-Soto* (7th Cir. 1967), 387 F. 2d 792, cert. denied 391 U. S. 928, 88 S. Ct. 1819, 20 L. Ed. 2d 669.

Appellant next claims the trial court erred in refusing to strike the testimony of State's Witness Jackson because he violated the court's order of separation of witnesses. The record shows that Jackson was in the courtroom when Walter Ege had been called as a witness for the state. However, the court in ruling on appellant's objection stated:

"*THE COURT:* The objection is overruled on the ground that the witness was in the Courtroom at the time indicated but he was not present any time that any testimony was being given, and he left as soon as the matter was brought to his attention."

This Court has held:

". . . that the separation of witnesses is within the sound discretion of the trial court and if the order for separation is violated it is within the court's discretion to permit the witnesses to testify."

*Myslinski* v. *State,* decided by this Court December 3, 1971, 257 Ind. 558, 275 N. E. 2d 544, 28 Ind. Dec. 70. We, therefore, hold the trial court did not err in permitting Officer Jackson to testify.

Appellant next makes an extended argument as to why Mr. Ege's testimony of identification of the appellant should not be believed in view of the poor lighting and the lack of opportunity to observe the appellant, and further he argues it is improbable that the appellant could have in truth obtained the car license number under the circumstances. The argument is well done, but is the type of argument which is correctly addressed to the trier of fact, not to this court. This Court has held on many previous occasions that it will not weigh the evidence. The weight of the evidence is a matter for the trier of fact. *Burke* v. *State* (1968), 250 Ind. 568, 238 N. E. 2d 1, 14 Ind. Dec. 555.

Appellant further claims he was not properly identified in that Ege was shown pictures of various suspects from police files and asked if one of them was the robber. This Court has previously recognized that a display of pictures of possible suspects to the victim of a crime is proper. In the case at bar we see nothing irregular in following this method of identification. In *Myslinski* v. *State, supra,* we quote from *Simmons* v. *United States* (1968), 390 U. S. 377, 384, 19 L. Ed. 2d 1247, 88 S. Ct. 967 as follows:

"Despite the hazards of initial identification by photograph, this procedure has been used widely and effectively in criminal law enforcement, from the standpoint both of apprehending offenders and of sparing innocent suspects the ignominy of arrest by allowing eyewitnesses to exonerate them through scrutiny of photographs. The danger that use of the technique may result in convictions based on misidentification may be substantially lessened by a course of cross-examination at trial which exposes to the jury the method's potential for error. We are unwilling to prohibit its employment, either in the exercise of our supervisory power or, still less, as a matter of constitutional requirement. Instead, we hold that each case must be considered on its own facts, and that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. This standard accords with our resolution of a similar issue in Stovall v. Denno, 388 US 293, 301-302, 18 L ed 2d 1199, 1206, 87 S Ct 1967, and with decisions of other courts on the question of identification by photograph."

In the case at bar, we see no violation of the fundamental rights of the appellant by the use of identification of photographs.

Appellant next argues that Ege's identification of him after his arrest was too suggestive to be reliable because he was in the custody of police officers, thus suggesting that he was the man in question. However, the evidence in this regard discloses that the appellant appeared at a preliminary hearing along with many other persons accused of crime, and that while seated in the audience at that hearing Ege without any prompting or suggestion whatsoever, identified the appellant as the robber from among those present. There is ample evidence in this record from which the jury could find that appellant had been properly identified.

Lastly, appellant contends that the verdict of the jury was not sustained by sufficient evidence. With this we do not agree. From the record above recited, there was ample evi-

dence before the jury to support its verdict of guilty of the crime of robbery.

The trial court is, therefore, affirmed.

Arterburn, C. J., DeBruler and Hunter, JJ., concur; Prentice, J., consurs in result.

NOTE.—Reported in 280 N. E. 2d 575.