291 N.E.2d 370 (1973)
Keith PRYOR, Defendant-Appellant,
v.
STATE of Indiana, Plaintiff-Appellee.
No. 1-672A22.
Court of Appeals of Indiana, First District.
January 16, 1973.
*371 David J. Colman, Bloomington for appellant.
Theodore L. Sendak, Atty. Gen., Robert F. Colker, Deputy Atty. Gen., for appellee.
ROBERTSON, Presiding Judge.
The defendant (Pryor) was convicted by a jury of Possession of a Dangerous Drug (IC 16-6-8-3(c), Ind. Ann. Stat. § 35-3333(c) [Burns 1972]), and the Sale of a Dangerous Drug (IC 16-6-8-3(a), Ind. Ann. Stat. § 35-3333(a) [Burns 1972]). Pryor was sentenced to one year and fined $250 on the possession charge, and from one to ten years, as well as being fined $250, on the sale of a dangerous drug.
Pryor's motion to correct errors is in four parts, and is directed to both offenses. They are: (1) the verdict was not based upon substantial evidence of probative value sufficient to sustain a conviction beyond a reasonable doubt; (2) there was a failure to prove beyond a reasonable doubt that the substance involved was a dangerous drug; (3) reversible error exists because of the admission of certain testimony regarding criminal activity of others which was prejudicial to Pryor, and (4) the admission of testimony concerning alleged criminal activity of Pryor.
The offenses Pryor was found guilty of are:
"The following acts ... are hereby declared unlawful ...
(a) The sale of any dangerous drug ...
(b) * * *
(c) The possession or use of a dangerous drug . ..". IC 16-6-8-3, Ind. Ann. Stat. § 35-3333 (Burns 1972)
Sale, insofar as pertinent to this appeal, is defined as:
"... (2) exposure, offer or any other proffer, whether or not the offeror has the present ability or capability to complete said transaction by delivering dangerous drugs... ." IC 16-6-8-2(h)(2), Ind. Ann. Stat. § 35-3332(h)(2) [Burns 1972].
We are compelled to restate the oft-cited proposition in criminal appeals that we will not weigh the evidence nor resolve the questions of credibility, but will look to the evidence most favorable to the state and the reasonable inferences therefrom which support the verdict of the jury. Washington v. State (1971), Ind., 271 N.E.2d 888, and Davis v. State (1971), Ind., 271 N.E.2d 893. A conviction must be affirmed if, having applied the rule, there is evidence of probative value from which the jury could reasonably infer that the defendant was guilty beyond a reasonable doubt. Gann v. State (1971), Ind., 269 N.E.2d 381.
The evidence concerning the possession charge shows that on the evening of the 27th of September, 1971, Pryor, Rodney Pryor (the defendant's brother), Steve Mosier and Tom Coones gathered in the living room of Coones' residence. Mosier and Coones testified as state's witnesses after being granted immunity from prosecution. Both had recently been sentenced to the Indiana Youth Center for one to ten years for the sale of a dangerous drug. Mosier testified that they sat on the floor smoking marijuana and listening to records. Both Coones and Mosier testified they got "stoned" from smoking "joints" and a pipe.
Pryor's contention regarding the sufficiency of the evidence on the possession charge is that there was no expert testimony to show the substance being *372 smoked was, in fact, marijuana and there was no direct testimony showing Pryor participated in the smoking. The substance in use that evening was not introduced in evidence.
"... when the drugs themselves are not placed into evidence and there is no expert testimony based on a chemical analysis, then there must be testimony of someone sufficiently experienced with the drug indicating that the substance was indeed a dangerous drug." Slettvet v. State (1972), Ind., 280 N.E.2d 806, 808.
We are of the opinion that the testimony of Mosier and Coones was such that the jury could infer that they were experienced in the use of marijuana. As such they would be qualified to testify that the material being used on the evening of the 27th of September, 1971, was, in fact, marijuana. See also: Pettit v. State (1972), Ind., 281 N.E.2d 807.
Regarding the direct evidence as to Pryor smoking marijuana, we find testimony in the record from which the jury was justified in finding as they did. As an example, Coones testified:
"Q. You did see Keith Pryor smoke there in that room that evening  isn't that correct?
A. Yes sir.
Q. And all of you were smoking weren't you?
A. Yes sir."
It is our opinion that the necessary proof existed upon the two essential elements of "dangerous drug" and "possession". If we were to hold otherwise we would be weighing the evidence and passing judgment upon the credibility of the witnesses. Both functions are reserved solely for the trier of fact.
A summary of the evidence on the charge of selling a dangerous drug reveals that Mosier was going to sell some "fake stuff" to Randy Hughey. Hughey was an investigator for the Morgan County Sheriff's Department. During the course of events, Pryor told Hughey on two occasions that it was "good weed". Hughey was initially bargaining for "window pane" LSD but arranged the sale for some marijuana. On the night of October 5, 1971, Pryor, driving his car and accompanied by Mosier, Coones and Rodney Pryor, picked up the fake marijuana and met Hughey at Pumpkin Vine Hill. Hughey, whose identity as a police officer was apparently known by the four, paid Mosier $10 for the packet. A portion of the proceeds of the sale was used to buy gasoline for Pryor's car.
Hughey performed a field test on the contents of the packet sold to him. The results were negative in determining if it was marijuana. This was borne out by further testing by the Indiana State Police. There was testimony that it was dried ragweed.
Pryor asserts that there was a failure to prove, beyond a reasonable doubt, that he took part in the sale and that the substance involved was a dangerous drug.
There is no doubt that the transaction of a sale, as defined by IC 16-6-8-2(h)(2), Ind. Ann. Stat. § 35-3332(h)(2) [Burns 1972], is somewhat different from a sale as it is traditionally regarded in a normal commercial usage. It is our observation that the addition of the words "... whether or not the offeror has the present ability or capability to complete said transaction ..." makes an offer to sell the criminal act without regard to whether or not consummation of the sale by delivery of a dangerous drug is actually intended.
When the transaction is measured against the previously quoted definition of a sale, we find that whether or not the material delivered is, in fact, a dangerous drug matters not under the facts of this case. As the state points out in its brief. "the substance was held out to be cannabis, *373 payment was made for cannabis and the buyer believed he had cannabis", thereby completing a sale as defined by the applicable statute.
Pryor stresses that he is not charged as being an accessory to the sale or in a conspiratorial capacity. While Mosier conducted most of the negotiations for the sale the jury heard testimony from which they could find that Pryor also acted as a principal in the transaction. His attestation to the quality of the "marijuana", the driving and use of his car to participate in the transaction, and subsequently using some of the proceeds for gasoline, lend credence to a finding that he made a sale as previously defined.
The testimony concerning criminal activities that Pryor alleges is not material or relevant to his case is directed at evidence given by Mosier and Coones about the smoking on the night of the 27th of September, 1971, and the testimony of Deputy Hughey about events leading up to the sale on the 5th of October, 1971.
Acts, statements, occurrences and circumstances which are substantially contemporaneous with the main fact are admissible as a part of the res gestae. Kiefer v. State (1960), 241 Ind. 176, 169 N.E.2d 723, I.L.E. Criminal Law § 221. We, therefore, find that the admission of such testimony is not error.
We cannot ascribe reversible error to Pryor's last allegation of error regarding testimony about past criminal activity on his part in view of the answer given to the question the prosecutor asked Coones:
"Q. Well, I am asking you  did you know of other occasions that Keith Pryor  then if you want to be more specific  smoked marijuana?"
Pryor's attorney objected as to the materiality of the question. After some discussion the court overruled the objection. The prosecutor then continued:
"Q. Mr. Coones, have you ever seen Keith smoke marijuana? Other than this time to which you testified?
A. No, I haven't seen him other than this one time  I haven't seen him, no."
We fail to see the prejudice alleged in the answer.
Judgment affirmed.
LOWDERMILK and LYBROOK, JJ., concur.