JOHN ROBERT LEE *v.* STATE OF INDIANA.

[No. 676S172. Filed December 12, 1977.]

*James E. Daugherty, Katz & Brenman,* of Merrillville, for appellant.

*Theodore L. Sendak,* Attorney General, *John P. Avery,* Deputy Attorney General, for appellee.

HUNTER, J.—The defendant-appellant, John Robert Lee, was charged with first-degree murder. After a jury trial, the defendant was found guilty and sentenced to life imprisonment.

Three issues are presented upon appeal:

1.  Whether the evidence is sufficient to support a first-degree murder conviction;

2.  The voluntariness of the defendant's confession; and

3.  Whether the trial court erred in permitting evidence of other criminal acts to be introduced at trial.

The evidence most favorable to the state established the following:

Lonnie Williams and the defendant, while asleep in a stolen van, were discovered by a state trooper who asked the pair for identification. While the trooper was making a check upon the identification, Williams gave a pistol to the defendant and instructed him to use the pistol if necessary. The trooper returned to the two and ordered Williams to accompany him to the state police car. Town Marshal Larimer had now joined the state trooper. While the two officers were in the car with Williams, the defendant left the van and approached the car on the side where Larimer was sitting. He produced the pistol and ordered the troopers to give their weapons to Williams. Larimer attempted to grab the weapon. The defendant pulled the pistol back and began firing into the car. The state trooper and town marshal were both fatally wounded. The defendant was critically wounded in the exchange and had emergency surgery that same day.

## I. *The Sufficiency of the Evidence*

While reviewing the sufficiency of the evidence, this Court will consider only that evidence which is most favorable to the judgment and the reasonable inferences to be drawn therefrom. If their exists substantial evidence of probative value to support the verdict, the conviction will not be set aside. *Daniels* v. *State,* (1976) 264 Ind. 490, 346 N.E.2d 566.

First degree murder is defined in the following way:

"Whoever kills a human being either purposely and with premeditated malice . . ." Ind. Code § 35-13-4-1 (Burns 1975).

The defendant contends that there was a lack of evidence from which the jury could have found premeditation.

This Court discussed premeditation in the following manner:

"In order that there may be such premeditated malice as will make a killing murder in the first degree the thought of taking life must have been consciously conceived in the mind, the conception must have been meditated upon, and a deliberate determination formed to do the act. Where the homicide has been preceded by a concurrence of will, with an intention to kill, and these are followed by deliberate thought or premeditation, although they follow as instantaneous as successive thoughts can follow each other, the perpetrator may be guilty of murder in the first degree." *Everett* v. *State*, (1934) 208 Ind. 145 at 149-150.

Premeditation may be inferred from the circumstances surrounding the killing. *Cooper* v. *State*, (1974) 261 Ind. 659, 309 N.E.2d 807. The defendant, armed with a loaded ██ pistol, approached the police car with the intent to free his accomplice. When the officers resisted, he intentionally fired into the car. The evidence and the inferences to be drawn therefrom are sufficient to support the jury's verdict.

## II. *The Voluntariness of the Statement*

The second allegation of error concerns the statement given by the defendant and later introduced at trial over his objection. The defendant asserts that the statement was rendered involuntary due to the pain killing drugs he had been administered following surgery.

As mentioned earlier the defendant had been wounded during the exchange of gunfire and had undergone emergency surgery. That same evening two police officers took the defendant's statement. Present at the hospital were the two police officers, the defendant and his mother.

As support for the proposition that the statement was involuntary, the defendant directs the attention of this Court

to *Townsend* v. *Sain,* (1963) 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed 2d 770. The facts surrounding that particular opinion were of such a peculiar nature to render it inapplicable to the case now before this Court. Townsend had been given a drug which would have produced a result similar to "truth serum." The holding of that opinion is not that any confession obtained from a suspect, while that suspect was receiving medication, is rendered inadmissible *per se.*

Rather, the standard to be applied in determining the voluntariness of the statement is the following:

"The question is whether, looking at all the circumstances, the confession was free and voluntary, and not induced by any violence, threats, promises, or other improper influence." *Gibson* v. *State,* (1971) 257 Ind. 23, 29, 271 N.E.2d 706, at 709.

The two police officers taped the conversation held at the hospital, a transcribed copy of which was placed into evidence. The officers were careful to explain to the defendant his right to remain silent, the right to counsel and the right to have counsel appointed for him. He was also told he could stop the questioning at any time. Additionally, several inquiries were made as to the defendant's condition. The remainder of the questioning and statement indicates that the defendant was able to lucidly recall all of the events of that day and to clearly answer all of the questions. The drugs administered to the defendant were not of the type to overcome his resistance as those in *Townsend.* It is the opinion of this Court that the confession made by the defendant was done knowingly, intelligently and voluntarily.

### III. *Prior Crimes*

A third allegation of error is that evidence of other crimes, for which defendant was not charged, were admitted into evidence. The van in which defendant and his accomplice were found had been stolen from Jerry West after the pair had kidnapped and robbed him. The confession contained

several references to those acts and West also testified concerning them.

The general rule is that the prosecution may not introduce evidence showing the commission of other crimes to establish the guilt of the defendant. *Maldonado* v. *State*, (1976) 265 Ind. 492, 355 N.E.2d 843. An exception to that rule applies to evidence of other crimes when they occur as part of the same transaction. It is not limited to the act charged, but includes acts, statements, occurrences and circumstances substantially contemporaneous with the crime charged. *Kiefer* v. *State*, (1960) 241 Ind. 176, 169 N.E. 2d 723. The evidence introduced at trial was in this instance needed to complete the story. It explains why the defendant and his accomplice were so concerned with escape. The evidence was therefore relevant and properly admitted.

For all of the foregoing reasons, the judgment of the trial court should be affirmed.

Judgment affirmed.

Givan, C.J., Prentice and Pivarnik, JJ., concur; DeBruler, J., dissents with opinion.

### DISSENTING OPINION

DEBRULER, J.—Appellant's confession provided critical evidence relevant to the issue of premeditation in support of the charge of first degree murder. While testifying before the jury, appellant while denying that he had any recollection of the questions and answers in the confession confirmed the truth of most of the answers attributed to him in it, but denied the truth of several of them which were critical on the above issue. The circumstances here are unlike those considered by us in *Greer* v. *State*, (1969) 252 Ind. 20, 245 N.E.2d 158, in which we held that an error in admitting a statement taken in violation of the rule in *Miranda* v. *Arizona*, (1966) 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, would be

harmless beyond a reasonable doubt. Any error in the admission of this confession would not be harmless.

In *Ortiz* v. *State,* (1976) 265 Ind. 549, 356 N.E.2d 1188, we summarized the legal tests to be used by the trial and appellate court in dealing with a challenged confession:

> "In determining whether a statement was voluntarily given, we look to all the circumstances surrounding its giving to determine whether it was 'induced by any violence, threats, promises, or other improper influence.' *Montes* v. *State,* (1975) [263] Ind. [390], 332 N.E.2d 786, 792. The state test determines whether a waiver of the *Miranda* rights has occurred. *Nacoff* v. *State,* (1971) 256 Ind. 97, 267 N.E.2d 165. The burden is on the State to prove beyond a reasonable doubt the voluntariness of the statement or waiver. *Burton* v. *State,* (1973) 260 Ind. 94, 292 N.E.2d 790." 356 N.E.2d at 1191.

In reviewing the trial court's determination that a waiver of rights to remain silent and to have counsel present and the subsequent statement itself were voluntarily given, we consider contested evidence tending to support the trial court's determination and any uncontested evidence presented by appellant. *Magley* v. *State,* (1975) 263 Ind. 618, 628, 335 N.E.2d 811. Such determination will be upheld as supported by sufficient evidence if from this viewpoint, this Court is able to conclude that there is evidence to warrant a trier of fact in concluding beyond a reasonable doubt that the waiver and statement were voluntary.

At 7:00 a.m., on the day of this crime appellant was shot three or four times with the officer's high-powered pistol, and lay on the ground in a pool of his own blood. At 10:00 p.m., on the same day in a hospital room, after undergoing surgery, appellant made a waiver of rights and confessed. Prior to entering the hospital room, the head nurse on the floor told the officer taking the statement that appellant was conscious and could make a lucid statement. Appellant's mother was in the hospital room with him. Appellant was seventeen years old. Appellant's mother signed the waiver on his behalf at his re-

quest. Appellant stated that he was hurting everywhere in his body. The officer taking the statement testified as follows:

"Q. At various times, had he given indication of extreme pain?
A. Various times while I was in the room with him he would moan."

Appellant had been unconscious at some unspecified point during the day. At the time of the waiver he was being given some form of unidentified post-operative medication intravenously. It matters not that the medication was not specifically identified. The loss of blood, the pain, and the shock to the body of being struck several times by high-powered bullets and the shock of surgery stand uncontradicted on the record. In accordance with my constitutional duty to consider all of this evidence in reviewing the trial court's ruling, I find it was insufficient to warrant the trial court in concluding beyond a reasonable doubt that the decision to relinquish the right to remain silent and to have counsel present was made knowingly, intelligently and as an act of free will.

I would therefore reverse and remand for a new trial.

NOTE.—Reported at 370 N.E.2d 327.