ALLEN DALE GROSS *v.* STATE OF INDIANA.

[No. 376S65.  Filed December 20, 1977.]

*Larry D. Combs,* of Franklin, for appellant.

*Theodore L. Sendak,* Attorney General, *David L. Steiner,* Deputy Attorney General, for appellee.

HUNTER, J.—The defendant, Allen Gross, was charged with the crime of rape. In a trial by jury, before Special Judge Baron LaGrange, Gross was found guilty and was sentenced to imprisonment for a term of fourteen years. Thereafter, his motion to correct errors was overruled and he now appeals.

The record discloses the following: One evening, the victim, who was then fifteen years old, went to a carnival in the Greenwood Shopping Center parking lot with her sister and a friend. While the three girls were walking through the parking lot, three young men in a car pulled up beside them and started asking the victim questions. The defendant was identified as the person driving the car. When the victim's two friends started walking on, the victim was pulled into the car. She was driven around and raped two times by the defendant before she was able to escape her abductors and call her parents.

The defendant raises four issues:

1. Whether the trial court correctly overruled defendant's pre-trial motion in limine and correctly permitted testimony concerning the first rape;

2. Whether the trial court correctly refused to admonish the jury in regard to the calling of one of the accomplices to the witness stand;

3. Whether the trial court correctly refused to allow individuals to occupy the back seat of the automobile during the jury view; and

4. Whether the trial court correctly admitted into evidence state's exhibit 3 over defendant's objection.

## I.

Defendant first contends the trial court erroneously overruled his pretrial motion in limine which was filed for the

purpose of suppressing testimony of the first rape. This rape had not been described in the information and the victim could not describe the exact location where the car had been driven when this first rape occurred. The victim was able to describe the exact location of the second rape because the car had then been stopped in front of a greenhouse which was later identified and was in Johnson County.

Generally, evidence of one crime is not admissible to prove another. *Layton* v. *State,* (1966) 248 Ind. 52, 221 N.E.2d 881. However, this state recognizes the *"res gestae"* exception to the rule that a non-charged crime may not be proved in establishing the charged offense. In *Kiefer* v. *State,* (1960) 241 Ind. 176, 169 N.E.2d 723, cert. den. 366 U.S. 914, 81 S.Ct. 1089, 6 L.Ed.2d 238, this Court held:

> ". . . Evidence of another and distinct crime is admissible where it was committed as part of the same transaction. . . . The *res gestae* is not confined to the act charged, but includes acts, statements, occurrences and circumstances which are substantially contemporaneous with the main fact." 241 Ind. 176, 178, 169 N.E.2d 723. See also: *Thomas* v. *State,* (1975) 263 Ind. 198, 328 N.E.2d 212; and *McCarty* v. *State,* (1975) Ind. App., 338 N.E.2d 738, which cite *Kiefer, supra,* with approval.

Both rapes were part of an uninterrupted pattern of violence which occurred during a short span of time. Therefore, there was no error in permitting the state to present evidence concerning the entire episode.

## II.

Defendant also contends that it was error for the trial court to refuse to admonish the jury to disregard the calling of an alleged accomplice to the stand. During its rebuttal testimony, the state called Jerry Wood to the witness stand. His name had been mentioned several times during the testimony as one of the alleged accomplices. When this witness was called, Richard Tandy approached the bench and identified himself as

counsel for the witness. He was granted permission to join counsel at the defense table. After the witness had been sworn, the state asked the witness his name. At that point, Mr. Tandy requested permission to approach the bench. Immediately the state advised the court that it would ask no further questions of this witness. The witness was excused and defense counsel requested the trial court to admonish the jury as to the witness's presence in the courtroom. The grounds for the request were that the calling of this witness served no purpose but to prejudice the defendant and to inflame the situation. The witness had a crippled right arm, and defendant claimed the mere sight of this witness was prejudicial. However, this witness was properly on the witness list and the defendant knew that he might be called.

The facts are clearly distinguishable from the facts in the case defendant cites, *Aubrey* v. *State,* (1974) 261 Ind. 692, 310 N.E.2d 556. In the *Aubrey* case there were repeated refusals of an accomplice to answer incriminating questions as well as an immunity hearing and a finding of civil contempt. Under those circumstances, this Court held that the trial court must admonish the jury to disregard the calling of the accomplice.

In the instant case, the state did not know prior to trial that Jerry Wood would refuse to testify. The state properly asked no further questions of Jerry Wood when it was learned that he would refuse to testify, and it was not improper to call an accomplice to the witness stand to testify against the defendant. *Chatman* v. *State,* (1975) 263 Ind. 531, 334 N.E.2d 673. There was no actual refusal to testify and no drawn out immunity or civil contempt proceedings. So there was no prejudice to the defendant in this case bacause of the refusal to give an admonition to the jury about this accomplice.

## III.

The defendant's third allegation of error involves the jury view of the empty automobile that was allegedly involved in the case. The defendant has alleged that he was prejudiced because no one was allowed to occupy the back seat of the car during the jury view. It is well established in Indiana that the trial court has the discretion whether to permit a jury view at all, and a jury view is not essential to a fair trial. *Richard* v. *State*, (1974) 262 Ind. 534, 319 N.E.2d 118; *Pinkerton* v. *State*, (1972) 258 Ind. 610, 283 N.E.2d 376.

The jury was allowed to view the empty back seat of the car, and the jury knew the physical sizes of the individuals that were allegedly involved. The purpose of a jury view is to allow the jurors a better understanding of the testimony. *Annee* v. *State*, (1971) 256 Ind. 686, 274 N.E.2d 260. There was no abuse of discretion by the trial court in allowing this jury view.

## IV.

The defendant also alleges error in admitting state's exhibit 3 and the passing of said exhibit to the jury because there was not a sufficient chain of custody established. Exhibit 3 consisted of slides and swabs containing specimens that were taken from the victim in regard to the alleged rape. Four individuals handled these specimens. Dr. Serrano took the specimens from the victim and gave them to Officer Woolen of the Greenwood Police Department. Officer Woolen took them back to the station and gave them to Officer Clark. Officer Clark carefully followed the procedure used by the Greenwood Police Department for preserving and protecting evidence. Officer Clark himself took the samples to the Indianapolis Police Crime Laboratory for identification.

Defendant contends there was error because the first two people who handled the specimens were not asked to identify

the state's exhibit 3 in the courtroom. This Court has held that while a complete chain of custody must be established, the state is not required to exclude every remote possibility of tampering. *Kolb* v. *State,* (1972) 258 Ind. 469, 282 N.E.2d 541. Where the state had introduced evidence which strongly suggests the whereabouts of an exhibit at all times, such evidence will often be considered as sufficient for chain of custody purposes. *Guthrie* v. *State,* (1970) 254 Ind. 356, 260 N.E.2d 579; *Butler* v. *State,* (1972) 154 Ind. App. 361, 289 N.E.2d 772. The continuous whereabouts of an exhibit may be shown by producing records or testimony. *Graham* v. *State,* (1970) 253 Ind. 525, 255 N.E.2d 652. The whereabouts of state's exhibit 3 were demonstrated sufficiently by the testimony of the four individuals who handled it. There was no error in admitting state's **exhibit 3.**

The defendant further contends that this exhibit should not have been passed to the jury because the state could not give reasonable assurance that the exhibit had remained in an undisturbed condition and had not been tampered with. The record discloses that some of the specimens taken from the victim had been accidentally spilled in the process of transfer to the police lab. These specimens were not tested and are not a part of exhibit 3. The mere fact that some of the specimens were accidentally spilled during transfer does not prove that the other specimens were tampered with. As we have said before, the state is not required to exclude every remote possibility of tampering. The court is not concerned with absolute certainties but with probabilities. *Jones* v. *State,* (1973) 260 Ind. 463, 296 N.E.2d 407; *Kolb, supra.*

For all the foregoing reasons, there was no trial error and the judgment of the trial court should be affirmed.

Judgment affirmed.

Givan, C.J., DeBruler, Prentice and Pivarnik, JJ., concur.

NOTE.—Reported at 370 N.E.2d 885.