**James R. McCABE, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1078S244.**

Supreme Court of Indiana.

Nov. 27, 1979.

John C. Wood, Deputy Public Defender, Kokomo, for appellant.

Theodore L. Sendak, Atty. Gen., Rollin E. Thompson, Asst. Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Appellant was tried by a jury in Howard Superior Court, Division II. He was found guilty of confinement while armed with a deadly weapon and guilty of Deviate Sexual Conduct by using or threatening the use of force or while armed with a deadly weapon. On July 18, 1978, the Court sentenced appellant to ten (10) years on Count I, confinement, and thirty (30) years on Count II, deviate sexual conduct, said terms to run concurrently.

On January 7, 1978, the victim was driving her automobile. At an intersection in Kokomo, appellant approached the vehicle and asked for directions. When it appeared he did not understand the directions she offered to take him to the location. He pulled a knife, grabbed her around the neck and told her where to drive. They drove west and zigzagged. The victim was uncertain as to the exact location where they stopped. She testified as to the specific acts performed on her and those she was forced to perform and to being struck on the head. She also testified that she was choked and rendered unconscious. She subsequently revived and appellant returned her to Kokomo.

Appellant asserts four errors for our review concerning: (1) the overruling of his motion to suppress regarding evidence of identification; (2) alleged prejudice by the allowing into evidence testimony of certain of his acts constituting crimes with which appellant had not been charged; (3) the overruling of appellant's motion for a finding in judgment as to Count II, criminal deviate conduct, based on failure to prove venue, and; (4) the giving of State's Instruction No. Eight (8) concerning the place of trial.

I.

Appellant claims the court erred in overruling his motion to suppress. The evidence sought to be suppressed was a pre-trial identification and an anticipated in-court identification of the appellant. Appellant claims the pre-trial line-up was impermissibly suggestive in that none of the members of the line-up resembled appellant and that a police officer indicated that one of the persons in the line-up was a suspect. He further claims that this pre-trial identification procedure so tainted the in-court identification that it should not have been allowed. Appellant cites *Manson v. Brathwaite*, (1977) 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140, for the proper test to determine the admissibility of identification tes-

timony as follows: "Whether, under the totality of the circumstances the identification procedures used resulted in a substantial likelihood of irreparable misidentification."

The record reveals that at the hearing on the motion to suppress, the complaining witness stated she was shown groups of pictures on two or three occasions and viewed two line-ups. She made no identification at the first line-up but selected appellant at the second. She had viewed his picture before, in a group of photos, but stated she wanted to see the group in a line-up. A composite picture had been created from the description given by the victim. The perpetrator of the crime had been described as white, wearing a full beard, with black rim glasses, thin and with a tattoo on his left hand. The majority in the line-up had beards, although appellant had shaved his beard, they were white, and of varying heights. One of the members of the line-up, who was not the appellant, wore glasses, and when each member stepped forward, he put on glasses and turned, then returned to the line. When appellant stepped forward the victim said "That's him." She was asked to view the rest of the group, but was visibly shaken and stated she was positive McCabe was the man who had assaulted her. She did, however, view the rest of the line-up.

She was instructed by Officer Bohannon that just because there was a line-up doesn't necessarily mean her assailant is in that line-up. She was also instructed to view all of them and not make a decision until she had seen all six of them.

■ Appellant's claim that none of the members of the line-up resembled him has no merit. Appellant's claim that the police informed the victim that they had a suspect is also without merit. The only possible comment relating to this is a general statement that "people would assume, or normally do assume, that we suspect somebody" when there is a line-up and that it is not probable that the officer indicated or told her that someone in the line-up was possibly a suspect. This procedure is not unnecessarily suggestive and the victim's in-court identification was properly admitted. *Harris v. State*, (1978) Ind., 373 N.E.2d 149. There was no substantial likelihood of irreparable misidentification.

The prosecuting witness stated she was with the appellant for two and one-half to three hours. She gave a detailed description of him and when asked in court if the defendant was the individual who approached her at the intersection, she stated she had no doubt it was he. There is no error in these identification procedures or in the overruling of appellant's motion to suppress.

## II.

■ Appellant's next alleged error is a claim of prejudice to him by the allowing of testimony of certain acts into evidence. The testimony complained of was the victim's testimony of deviate acts performed upon her and the acts she was forced to perform. She also testified as to the use of force (choking) on her after the crime of deviate sexual conduct had been perpetrated. Appellant claims that the admission of such testimony was erroneous and served only to inflame the jury. The evidence shows that the victim was abducted in Kokomo, and forced to drive around. Deviate acts were performed on her and she was forced to perform them. She was choked and rendered unconscious. She regained consciousness and appellant drove back to Kokomo and left her. Appellant's claim is that the evidence of acts she was forced to perform and evidence of choking related to acts with which he was not charged and which therefore were inadmissible. He claims they occurred after the crimes of confinement and deviate sexual conduct had been committed. This argument has no merit. These acts occurred as a part of the continuing confinement and force used. In addition, this State recognizes the *res gestae* exception to the rule that evidence of one crime is not admissible to prove another. "The *res gestae* is not confined to the acts charged, but includes acts, statements, occurrences, and circumstances which are

substantially contemporaneous with the main fact." *Gross v. State,* (1977) 267 Ind. 405, 407, 370 N.E.2d 885, 887, *citing Kiefer v. State,* (1960) 241 Ind. 176, 169 N.E.2d 723, *cert. denied,* (1961) 366 U.S. 914, 81 S.Ct. 1089, 6 L.Ed.2d 238. Evidence of these acts was properly admitted.

### III.

Appellant next alleges error based on a failure to grant appellant's motions to dismiss Count II of the information based on his claim that it was not established precisely where this crime occurred.

Ind.Code § 35–1.1–2–1, (Burns Supp.1978) states:

> (a) Criminal actions shall be tried publicly in the county where the offense was committed except as otherwise provided by law.

> .    .    .    .    .

> (d) If the commission of an offense is commenced in one county and is consummated in another county, trial may be had in either of the counties.

It is true that the victim could not testify as to the exact geographic location where the car was stopped. However, it is clear that she was threatened with a knife and forced to drive away from the intersection in Kokomo, in Howard County. At this time the appellant stated his intent to perform deviate acts. They drove through west Middleton and New London, in Howard County, and she was ordered to zigzag and to stop in what she thought was Western Howard County. She was eventually returned to Kokomo. The abduction, force, threats, sexual attacks and deviate conduct were all related. One act led to another and the basis for venue in Howard County was sufficient. *French v. State,* (1977) 266 Ind. 276, 362 N.E.2d 834. There is no error in the denial of appellant's motions to dismiss.

### IV.

Appellant's final allegation of error is that the trial court erred in giving State's instruction number eight (8). State's in-

struction 8 is a recitation of the same part of Ind.Code § 35–1.1–2–1 (Burns Supp.1978) which has already been set out in issue III, *supra.* Appellant failed to object to this instruction and has waived any alleged error. *Mosley v. State,* (1977) Ind., 366 N.E.2d 648 at 649. Appellant merely states that this instruction confused the jury. Appellant cites no authority for his claim and there is no showing that the giving of this instruction in anyway prejudiced the appellant.

Judgment affirmed.

All Justices concur.