Steve ARMSTRONG, Appellant,

v.

STATE of Indiana, Appellee.

No. 480S101.

Supreme Court of Indiana.

Dec. 5, 1980.

Saul I. Ruman, Thomas A. Clements and Andrew R. Tanzillo, Hammond, for appellant.

Theodore L. Sendak, Atty. Gen., Thomas D. Quigley, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Appellant Steve Armstrong was charged in Lake Superior Court with confinement, Ind.Code § 35–42–3–3 (Burns 1979 Repl.), a

Class B felony, and robbery, § 35–42–5–1, a Class B felony. He was tried to a jury and convicted as charged on November 21, 1979. The trial court sentenced Armstrong to twenty years imprisonment on each count, to be served concurrently.

The charges in question arose out of an incident which occurred on June 11, 1979. The evidence reveals that the victim, Carolyn Green, drove her car to the Stardust Bowl in Hammond, Indiana, sometime after 11:00 p. m., to meet some friends. After parking the car, Miss Green got out and turned to remove her bowling ball from the floor of the back seat area. At that point, appellant Armstrong grabbed her around the neck and demanded her car keys.

Armstrong then forced Green to get back into the car, and he, in turn, positioned himself in the back seat, directly behind her. Appellant then directed the victim to drive out of the parking lot and north on Columbia Avenue. When appellant ordered her to make a turn, the victim accelerated, swerved sharply, applied the brakes and got out of the car. She ran inside a nearby liquor store and requested assistance. At that point, Armstrong drove off in Miss Green's car.

Carolyn Green later identified Armstrong as her assailant from a photographic slide display conducted at the Hammond Police station. She also identified Armstrong at trial in front of the jury. In addition, police officer Sloan testified that he took Armstrong into custody at the city jail in Jackson, Mississippi, on June 23, twelve days after the offense occurred. Wilford Green, the victim's uncle, testified that he obtained possession of her car on June 22 from the parking lot of the Jackson, Mississippi police station.

The sole issue presented for our review concerns the admissibility of testimony given by witnesses Sloan and Green. Specifically, appellant argues that Sloan should not have been allowed to testify that he took Armstrong into custody at the Jackson, Mississippi jail. Also labelled as inadmissible is Green's testimony that he recovered the victim's car from the parking lot of the Jackson, Mississippi jail. Appellant argues that this testimony was irrelevant and highly prejudicial to him; he further asserts that this evidence was an "evidentiary harpoon," that is, inadmissible evidence deliberately introduced for the sole purpose of improperly prejudicing him in the jury's eyes.

 Appellant correctly points out that evidence of an unrelated crime is inadmissible on the issue of the defendant's guilt. *E. g., Pierce v. State*, (1977) 267 Ind. 240, 248, 369 N.E.2d 617, 621. However, this rule does not render inadmissible the challenged testimony. First, no evidence of specific criminal activity was adduced from either witness. Of course, if no separate crime was, in fact, committed, then the rule recited above is not called into operation. *Norton v. State*, (1980) Ind., 408 N.E.2d 514, 524–25. Second, even if we accept Armstrong's assertion that this evidence did suggest criminal activity on his part, we do not find the testimony should have been excluded. No evidence was adduced which reasonably suggests that Armstrong had engaged in *unrelated* criminal acts. The jury could have reasonably concluded that Armstrong's connection with the Mississippi jail concerned the crimes charged here, especially since the stolen automobile was being held at the same jail. Further, "[e]vidence that is admissible for one purpose is not rendered inadmissible simply because it coincidentally discloses or suggests other criminal activity." *Samuels v. State,* (1978) 267 Ind. 676, 680, 372 N.E.2d 1186, 1188. Evidence which suggests other criminal acts may nevertheless be admissible to show the identity of the perpetrator of the charged crime. *E. g., Norton v. State, supra; Porter v. State,* (1979) Ind., 397 N.E.2d 269, 272. In addition, evidence of this type may be admissible if it also shows "acts, statements, occurrences and circumstances substantially contemporaneous with the crime charged." *Lee v. State,* (1977) 267 Ind. 315, 320, 370 N.E.2d 327, 329. *See Norton v. State, supra; McCabe v. State,* (1979) Ind., 396 N.E.2d 895, 897–98.

In the case before us, appellant Armstrong was charged with relieving Miss Green of her automobile by the use or threat of force. Thus, evidence tending to subsequently connect Armstrong with the automobile would have been highly relevant on the issue of identity. Obviously, the closer the connection which could be shown, the greater the probative value regarding appellant's involvement in the crime. In this case, the prosecution had evidence which placed Armstrong and the car at virtually the identical location—in or near the Jackson, Mississippi jail—near the same time. Moreover, this location was several hundred miles from the scene of the robbery and confinement. This evidence clearly lent greater weight to the case than if the prosecutor had been allowed to show only that the defendant and the car were retrieved from the same city. Thus, the challenged evidence was highly probative on the question of the perpetrator's identity, and merely "complete[d] the story" of the crime. *Lee v. State, supra.* We hold this testimony was properly admitted.

The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.