**Ronald D. SOLADINE, Appellant (Defendant Below)**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 1–480A95.

Court of Appeals of Indiana, Fourth District.

June 22, 1981.

Larry D. Combs, Franklin, for appellant.

Linley E. Pearson, Atty. Gen., Aimee L. Kolze, Deputy Atty. Gen., Indianapolis, for appellee.

MILLER, Judge.

Defendant-appellant Ronald D. Soladine was charged with theft as follows:

"... on or about the 16th day of May, 1979 at the County of Johnson, State of Indiana, Ronald D. Soladine, then and there unlawfully and knowingly exerted unauthorized control over property of Dr. Edward Pease, to-wit: four long barrel antique Kentucky Rifles and a wooden ammunition box with rope handles by having unauthorized possession of said property with attempt to deprive Dr. Edward Pease of the value and use thereof; ...."

Soladine was convicted of this Class D felony on the 25th day of September, 1979 by a jury and sentenced to four years imprisonment. We initially note that Soladine does not claim the evidence was insufficient to support the theft charge. He asserts in his brief that the sole question before this Court on appeal "is whether an uncorrected error of law occurred at the trial by the admission of testimony and evidence relating to collateral criminal offenses and criminal activities not at issue in the case herein." Appellant's brief p. 19. Specifically, he refers to evidence that 1) a burglary took place during which the items listed in the Information were allegedly taken from Dr. Pease's home; 2) other items were stolen from Dr. Pease's home in addition to those charged in the Information; and 3) the truck used in the burglary was stolen shortly before the burglary.

We affirm.

## FACTS

The residence of Dr. and Mrs. Edward Pease of Johnson County, Indiana was burglarized on May 16, 1979 between the hours of 9 a. m. and 3 p. m. Among the items taken were 23 weapons, including Kentucky Rifles, double barrel shotguns and other guns, a Derringer pistol, an ammunition box with rope handles, fishing equipment and a metal detector. During the investigation of the burglary certain documents (consisting of a 1979 Indiana Vehicle Registration Certificate, a 1979 Vehicle Inspection Ticket, and a 1978 Vehicle Registration Certificate) were found on the driveway of the Pease home. These documents referred to a 1974 Chevrolet Truck owned by one Harold DeVore of Mooresville, Indiana (Morgan County). His green and white 1974 Chevrolet Truck had been reported stolen in Morgan County the night before. Buddy Gibson, a friend of Soladine, testified that, on the day of the burglary at about 2 P.M. at the home of co-defendant Strode, he saw Soladine unloading items from a green and white 1974 Chevy Truck and among the items were several types of guns, an ammunition box with rope handles, a Derringer pistol, fishing poles, a CB scanner and a metal detector. Donna Ingle, who knew Soladine, testified that on the evening of the burglary he showed her a Derringer and he also mentioned having a hard time getting rid of the Kentucky Rifles.

## DECISION

With regard to the evidence concerning the stolen property, we do not believe the court committed error in its admission. Evidence of other crimes may be admissible, in spite of its tendency to show the accused might be guilty of another

crime, if it proves a fact in issue and its probative value outweighs its prejudicial effect. *Porter v. State*, (1979) Ind., 397 N.E.2d 269.

In *Maldonado v. State*, (1976) 265 Ind. 492, 355 N.E.2d 843, where a co-defendant testified that a car used in the robbery charged had been stolen by the defendant, the court held:

"Evidence showing the commission of other crimes by the accused, separate and distinct from the crime charged, is generally inadmissible to prove the guilt of the accused. *Cobbs v. State*, (1975) 264 Ind. 60, 338 N.E.2d 632; *Layton v. State*, (1966) 248 Ind. 52, 221 N.E.2d 881. Evidence which is otherwise competent and relevant and which tends to prove or disprove a fact in issue is not inadmissible even though it tends to show guilt of another crime, especially if the two crimes are related. *Jenkins v. State*, (1975) 263 Ind. 589, 335 N.E.2d 215.

The Court of Appeals has stated the essence of this rule succinctly in *Alexander v. State*, (1976) 167 Ind.App. 688, 691, 340 N.E.2d 366, 368:

'In allowing such evidence in certain instances, the court seeks to permit the full disclosure of all relevant facts which have some probative value, not for the purpose of showing the defendant to be a "criminal-type," but to present to the trier of fact all evidence which tends to prove that the defendant committed the crime charged.' (Citations omitted.)

As to the automobile theft, we are of the opinion that this action was sufficiently closely related to the robbery charged to be admissible as what our cases refer to as *res gestae* of the offense charged, *Grimes v. State*,(1970) 258 Ind. 257, 280 N.E.2d 575; *Carver v. State*, (1962) 243 Ind. 183, 183 N.E.2d 592, and what McCormick characterizes as 'happenings near in time and place' which 'complete the story of the crime on trial by proving its immediate context.' McCormick, Evidence § 190 at 448 (2d ed. 1972).

In *Byrd v. State*, (1965) 246 Ind. 255, 204 N.E.2d 651, evidence was admitted in a case of inflicting injury in the commission of a robbery to show that the defendant had stolen the automobile and revolver used in the offense charged. This Court held that the evidence was properly admitted:

'It is always proper to show that the instruments used in a crime were owned or possessed by the defendant. Corroborative evidence of how and where he obtained such instruments is certainly proper.' 246 Ind. at 256, 204 N.E.2d at 651.

We find no error in admission of testimony concerning the stolen automobile."
*Maldonado v. State, supra* at 496–97, 355 N.E.2d at 846–47.

In the recent case of *Armstrong v. State*, (1980) Ind., 412 N.E.2d 1207, the defendant was charged with confinement and robbery, both Class D felonies. The victim had been accosted in a bowling alley parking lot and driven by the defendant a short distance when she escaped. The defendant then drove off in the victim's car. Evidence by the police officer revealed that he arrested the defendant at the city jail in Jackson, Mississippi 12 days after the offense occurred. The victim's uncle testified he obtained possession of her car (11 days after the abduction) from the parking lot of the Jackson, Mississippi police station. The defendant argued that this testimony was irrelevant and highly prejudicial but the Court rejected his contention as follows:

"... Further, '[e]vidence that is admissible for one purpose is not rendered inadmissible simply because it coincidentally discloses or suggests other criminal activity.' *Samuels v. State*, (1978) 267 Ind. 676, 680, 372 N.E.2d 1186, 1188. Evidence which suggests other criminal acts may nevertheless be admissible to show the identity of the perpetrator of the charged crime. *E. g., Norton v. State* (1980) Ind., 408 N.E.2d 514; *Porter v. State*, (1979) Ind., 397 N.E.2d 269, 272. In addition, evidence of this type may be admissible if it also shows 'acts, statements, occurrenc-

es and circumstances substantially contemporaneous with the crime charged.' *Lee v. State*, (1977) 267 Ind. 315, 320, 370 N.E.2d 327, 329. *See Norton v. State, supra; McCabe v. State*, (1979) Ind., 396 N.E.2d 895, 897–98.

In the case before us, appellant Armstrong was charged with relieving Miss Green of her automobile by the use of threat of force. Thus, evidence tending to subsequently connect Armstrong with the automobile would have been highly relevant on the issue of identity. Obviously, the closer the connection which could be shown, the greater the probative value regarding appellant's involvement in the crime. In this case, the prosecution had evidence which placed Armstrong and the car at virtually the identical location—in or near the Jackson, Mississippi jail—near the same time. Moreover, this location was several hundred miles from the scene of the robbery and confinement. This evidence clearly lent greater weight to the case then if the prosecutor had been allowed to show only that the defendant and the car were retrieved from the same city. Thus, the challenged evidence was highly probative on the question of the perpetrator's identity, and merely 'complete[d] the story' of the crime. *Lee v. State, supra.* We hold this testimony was properly admitted."

*Armstrong v. State, supra* at 1208–09.

■ Here, there was a strong inference that the possessor of Mr. DeVore's truck was the perpetrator of the crime. It was necessary for the State, in order to complete the story of the crime, to establish that Mr. DeVore was not a suspect, but, rather, had been deprived of the use of his truck at the time the burglary was committed. Clearly, the probative value of this evidence outweighed its prejudicial effect. In addition, Soladine's possession of a truck fitting the description of DeVore's truck, along with evidence of the circumstances of his possession, was highly probative evidence on the question of the identity of the person committing the crime. *Id.* at 1209. Finally, we refer to the case of *Grimes v. State*, (1972) 258 Ind. 257, 280 N.E.2d 575, in which the trial court permitted evidence to the effect that the defendant had stolen an automobile subsequent to the robbery charge. The evidence in that case revealed that the license number which an eyewitness obtained from the car driven by the robbers and turned over to the police department had been issued to the defendant. However, when the defendant was arrested he was driving a different car bearing the same license number. The court concluded the evidence was admissible even though it incidentally disclosed the defendant had committed a crime in stealing the automobile, stating:

"... It was necessary for the state to explain to the jury that the appellant had acquired the Buick automobile subsequent to the robbery in order to present evidence that Mr. Ege's [the eyewitness] testimony was not necessarily inconsistent when he stated that the same plate was on a Ford automobile at the time of the robbery. The fact that the state's evidence as to when and how the appellant acquired the Buick automobile also incidentally disclosed that he had committed a crime in obtaining the automobile does not make such evidence inadmissible."

*Id.* at 263, 280 N.E.2d at 579.

■ We must also reject Soladine's argument that the admission of evidence of items stolen in the burglary but not charged in the Information were inadmissible. In *Carver v. State*, (1962) 243 Ind. 183, 185, 183 N.E.2d 592, 593, the court held:

"Although the appellant was not charged with taking the money order box or the rubber stamp, the fact that they were part of the property missing following the night of the alleged larceny makes the evidence with reference thereto part of the res gestae as well as competent to prove the corpus delicti. Wharton's Criminal Evidence, p. 627, § 279; *Schuble v. State* (1948), 226 Ind. 299, 79 N.E.2d 647; *Hunt v. State* (1939), 216 Ind. 171, 23 N.E.2d 681; *Parker v. State* (1949), 228 Ind. 1, 88 N.E.2d 556."

Lastly we find evidence of the burglary was probative evidence to establish at least two material facts in issue, i. e., 1) Dr. Pease's ownership of the stolen property and 2) the fact that Soladine's control over the property was "unauthorized." *Porter v. State, supra; Grimes v. State, supra; Kallas v. State,* (1949) 227 Ind. 103, 83 N.E.2d 769.

The judgment of the trial court is affirmed.

CHIPMAN and NEAL (sitting by designation), JJ., concur.