**James Lester JOHNSON, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1180S430.**

Supreme Court of Indiana.

March 22, 1982.

Jay R. Rodia, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Thomas D. Quigley, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant, James Lester Johnson, was convicted of Robbery, Ind.Code § 35–42–5–1 (Burns Repl. 1979) in the Henry Circuit Court on May 23, 1980. He was sentenced to a term of sixteen years in prison. Johnson's conviction is the subject of this appeal.

Three errors are asserted by defendant, concerning: 1) whether the trial court erred when it granted the state's motion ordering defendant to produce a list of defenses and defense witnesses; 2) whether the trial court erred in allowing in-court identifications of the defendant; and 3) whether the trial court erred in sentencing defendant to a sixteen year imprisonment for a conviction of robbery.

The crime in question occurred on March 21, 1980, when the Child's Liquor Store, located in New Castle, was robbed by Johnson about 10:00 p. m. Johnson ordered the clerks to turn over all monies and checks in the cash register. David Morris, an officer with the Cambridge City Police Department, pulled over a car defendant and three other people were riding in later that evening. A search revealed a large wad of money and a handgun.

### I.

Prior to trial, defendant Johnson requested the names and addresses of the witnesses the State intended to call and their statements. The State, in turn, requested the names and addresses of the witnesses defendant intended to call and a statement of possible defenses. The trial court granted the defendant's discovery request and at a hearing held two days before the trial ordered the defendant to comply with the State's request. Johnson now

alleges that it was error to compel him to give the State the required information. The record, however, does not disclose that the defendant complied with the discovery order. Johnson did not call any witnesses or present any evidence on his behalf. Defendant has not met his burden of showing prejudice in this error; he alleges that it is error to comply with the order, but does not show that he did so. There is no error on this issue. *See Flewallen v. State*, (1977) Ind., 368 N.E.2d 239, 242.

## II.

Defendant's photograph was picked out of a photographic display by two witnesses to the robbery. Prior to trial, defendant filed a Motion to Suppress this identification. The trial court agreed with defendant that the display was impermissibly suggestive and ordered that evidence suppressed. During the trial, State's witnesses Jerry Hartgrove and Paul Beck were allowed to make an in-court identification of Johnson as the man who robbed the liquor store. Defendant alleges that the in-court identification was tainted by the photographic display and thereby prejudiced his right to a fair trial.

 In-court identifications are admissible where the State can establish by clear and convincing evidence that the in-court identifications are based upon observations gained independently of any unduly suggestive pre-trial confrontations. *United States v. Wade*, (1967) 388 U.S. 218, 240, 87 S.Ct. 1926, 1939, 18 L.Ed.2d 1149, 1165. Among the factors to be considered in making this determination are:

"... the prior opportunity to observe the alleged criminal act, the existence of any discrepancy between any pre-lineup description and the defendant's actual description, any identification prior to line-up of another person, the identification by picture of the defendant prior to the lineup, failure to identify the defendant on a prior occasion, and the lapse of time between the alleged act and the lineup identification. *United States v. Wade, supra*, 388 U.S. at 241, 87 S.Ct. at 1940, 18

L.Ed.2d at 1165. In *Dillard v. State*, (1971) 257 Ind. 282, 289, 274 N.E.2d 387, 389, we set out additional tests, including: '... the length of time the witness was in the presence of the perpetrator, the distance of the witness from him, the lighting conditions at the time, capacity for observation by the witness, [and] opportunity to observe particular characteristics of the criminal....' "
*Harris v. State*, (1980) Ind., 403 N.E.2d 327, 329.

 The State bears the burden in the trial court of producing "clear and convincing evidence" of an independent basis, *Swope v. State*, (1975) 263 Ind. 148, 325 N.E.2d 193, but in reviewing the lower court's finding we do not reweigh the evidence, but look to the evidence most favorable to the appellant. We accept the trial court's finding if it is supported by sufficient evidence. *Dooley v. State*, (1981) Ind., 428 N.E.2d 1, 3; *Morgan v. State*, (1980) Ind., 400 N.E.2d 111; *Whitt v. State*, (1977) 266 Ind. 211, 361 N.E.2d 913.

Jerry Hartgrove and Paul Beck worked as clerks for Child's Liquor Store. On the night of the robbery, sometime between 7:00 and 8:00 p. m., both men noticed the defendant when he came into the store. The clerks testified that he was a black male, 5'7" or 5'8" tall, having a moustache and wearing a green suit. Johnson was also wearing a long black coat and hat. The reason Johnson was remembered so well by both men was because of a gun they noticed tucked inside his pants. Johnson bought a quart of beer and left.

Around 10:00 p. m., Johnson returned, still wearing the green suit but not the coat. Both Beck and Hartgrove remembered him from the earlier visit. Johnson took a bottle of wine and placed it on the counter but left it there while he looked around the store. When the other customers had left the store, Johnson asked for another bottle of wine. While Beck was sacking the wine and Hartgrove was ringing up the purchase, Johnson pulled out a gun and demanded the money from the cash register. Johnson stood three to four

feet away from the clerks. After handing over the money, Hartgrove and Beck were ordered to go into the back room and lie down on the floor. Johnson fled while the men were in the back. When Johnson was apprehended about 11:00 that night, he was wearing a green leisure suit, black coat and black hat. Johnson is a black male, about 5′6″ or 5′7″ tall, with a moustache.

■ Both men clearly had an independent basis for identifying the defendant. The information given by the witnesses to the police shortly after the robbery was detailed in respect to the description of the defendant. They faced the defendant over a short distance. There were two occasions to observe Johnson, both lasting at least ten minutes. Accordingly, the trial court was correct in allowing the in-court identifications; there is no error here.

### III.

■ Finally, defendant Johnson argues that the sixteen year term of imprisonment for robbery is unreasonable and requests that the sentence be revised. Our applicable rule states that we will not adjust a sentence which is authorized by statute and which is not manifestly unreasonable in light of the nature of the offense and the character of the offender. Moreover, a sentence is not manifestly unreasonable if any reasonable person could find the sentence to be appropriate to the particular offense and offender. *Bish v. State,* (1981) Ind., 421 N.E.2d 608, 620; Ind.R.App.Rev.Sent. 1 & 2. This Court has also held that, when the trial court increases or decreases the sentence imposed by law, or orders the sentences to be served consecutively, the record should disclose the factors considered by the court to constitute aggravating or mitigating circumstances. *Gardner v. State,* (1979) Ind., 388 N.E.2d 513, 517.

■ The trial court in the case at bar sets a good example of complying with the mandate of *Gardner.* The findings were set out as follows:

(1) That the defendant, James Lester Johnson, has a serious history of criminal activity which involves various convictions for offenses of taking property from persons by threat, as well as convictions relative to the use or possession of firearms.

(2) That the immediate offense of Robbery while armed with a deadly weapon, for which the defendant was convicted, is a serious offense and that the circumstances surrounding the same were aggravated in nature and threatened the possibility of serious bodily harm to other persons.

(3) That the crime was the result of circumstances likely to recur.

(4) That the victim of the crime neither induced or [sic] facilitated the offense.

(5) That there are no substantial grounds tending to excuse or justify the crime committed by the defendant, though failing to establish a defense.

(6) That the defendant did not act under strong provocation.

(7) That the character and attitude of the defendant do not indicate a likeliness to respond affirmatively to probation or short term imprisonment.

(8) That the defendant, James Lester Johnson, is in need of correctional treatment that can best be provided by his commitment to a penal facility.

(9) That imposition of a reduced sentence or suspension of the sentence and imposition of probation would depreciate the seriousness of the crime of Robbery, a Class B Felony.

(10) That, therefore, the aggravating circumstances set forth in I.C. Section 35–4.-1–4–7, outweigh any mitigating circumstances.

(11) That the standard sentence for Robbery, a Class B Felony, is ten years.

(12) That six years should be added to said standard sentence due to the aggravating circumstances herein.

In the light of the nature of the crime and the character of the offender, sixteen years imprisonment is not an unreasonable sentence; thus, the sentence will not be revised nor is there any error on this issue.

The judgment of the trial court is affirmed.

GIVAN, C. J., and HUNTER, DeBRULER and PRENTICE, JJ., concur.