James Lloyd MEARS, Appellant,

v.

STATE of Indiana, Appellee.

No. 1182S448.

Supreme Court of Indiana.

Nov. 17, 1983.

Patrick E. Chavis, III, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant James Lloyd Mears was found guilty by a jury in the Marion Superior Court of class B felony robbery and class B felony criminal confinement. The trial court subsequently sentenced Appellant to twelve years imprisonment. Appellant now directly appeals and raises the following three issues:

1. denial of Appellant's motion for the jury to view the crime scene;

2. denial of Appellant's motion to suppress the victim's photographic and in-court identifications of Appellant; and

3. sufficiency of the evidence.

At approximately 3:20 p.m. on January 28, 1982, an armed robbery occurred at the Gold Star Cleaners located at 30th and Delaware Streets in Indianapolis. Valerie Hall, daughter of the establishment's owner, was on duty at the cleaners at that time. She was sitting in the rear of the store with a friend and her friend's two-year-old daughter. Through the store's rear window Valerie watched Appellant approach. She recognized him as a man she had seen pass by the store numerous times before. Valerie also remembered Appellant as the individual who had visited the store during the day before to inquire about prices. Appellant entered the store with another man. He again questioned Valerie about prices and she confirmed what she previously had said. Appellant then turned and talked with his partner. The partner pulled out a gun and handed it to Appellant who held it on Valerie while she gave the two men the contents of the cash register. They asked about any safes or purses and Valerie gave them the one dollar bill she had in her purse. Valerie and her friend were then ordered to lie on the floor and the two men went to the front of the store where they threw some things around before leaving. The two men were in the store for approximately ten minutes.

I

After the State rested, Appellant moved for a jury view of the crime scene. The trial court overruled the motion as being "spurious and of no use to the substantial doing of justice here." Appellant concedes that the trial court has the discretion to decide whether or not to permit a jury view. It is clearly established that Appellant has no substantive right to have the jury view the crime scene as such is not essential to a fair trial. *Gross v. State,* (1977) 267 Ind. 405, 370 N.E.2d 885. Appellant's only claim is that the view would have shown that it was difficult to see

pedestrians from the store and that the store's inside lighting was poor. Appellant claimed that this was significant inasmuch as Valerie indicated that she recognized Appellant as someone who had gone by the store on previous occasions. Detective Cross testified that the store's lighting was extremely good. Furthermore, Valerie observed Appellant during the robbery for approximately ten minutes and was able to identify him from photographic displays and in court. A view is not intended as evidence; it is intended simply to aid the trier of fact in understanding the evidence. The trial court does not abuse its discretion by denying a view if the jury would not be materially assisted. There is no abuse of discretion shown here.

## II

■ Appellant contends that Valerie's identification testimony should not have been permitted because her initial photographic identification was improperly suggestive. Appellant's only complaint is that the photographs Valerie identified in the "rogues gallery" at the police station included written descriptions of the persons in each photo. These descriptions gave such facts as weight, height and age. Valerie's testimony, however, was that she paid no attention to the written descriptions and was not even aware of what facts they indicated. She said that she identified Appellant from the face depicted in the photograph itself. She also identified Appellant in subsequent photographic arrays, which did not have the descriptions, and in court. Valerie stated that her identification was based on her observation of Appellant during the robbery. There is no showing of unduly suggestive circumstances or procedures. The trial court properly overruled Appellant's motion to suppress the victim's photographic and in-court identifications. *Johnson v. State,* (1982) Ind., 432 N.E.2d 403.

## III

■ Appellant finally claims that there was insufficient evidence to prove certain essential elements of armed robbery and armed confinement beyond a reasonable doubt. Appellant specifically claims that there is not substantial evidence of probative value to establish beyond a reasonable doubt that a deadly weapon was utilized to perpetrate the instant robbery and confinement. His argument is based on the fact that no weapon was found at the crime scene nor on his person at the time of his arrest. The only evidence of a weapon is the victim's statement that one was used. Appellant further claims support for his proposition in the fact that the other lady present during the robbery was not called by the State as a witness to support Valerie's testimony. Appellant's contentions have no merit. A conviction may be sustained on the uncorroborated testimony of the victim. *Williams v. State,* (1981) Ind., 419 N.E.2d 134. With regard to sufficiency of the evidence questions, this Court will neither reweigh the evidence nor determine the credibility of witnesses. If there is substantial evidence to support the jury's conclusion that Appellant was guilty beyond a reasonable doubt, the jury's verdict will not be disturbed. *Oatts v. State,* (1982) Ind., 437 N.E.2d 463, *reh. denied; Gatewood v. State,* (1982) Ind., 430 N.E.2d 781. Valerie testified that a handgun was used in the robbery and that she was ordered to lie on the floor when the weapon was cocked and pointed at her. This is sufficient evidence of probative value to justify the jury's verdict.

Finding no reversible error, we affirm the trial court in all things.

GIVAN, C.J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.