Timothy A. ROGERS, Appellant,

v.

STATE of Indiana, Appellee.

No. 1085S418.

Supreme Court of Indiana.

April 21, 1987.

Donald C. Swanson, Jr., Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal following conviction by a jury of attempted murder, a class A felony, for which appellant received a thirty year sentence.

The issues presented on appeal are: (1) whether the trial court erred by permitting a jury instruction on motive; and (2) whether there was sufficient evidence to support the conviction for attempted murder, which is separated into three arguments.

These are the facts from the record which tend to support the determination of guilt: Marjorie Blaugh worked as a cashier at G.C. Murphy's in Fort Wayne. On December 20, 1984, a man approached the counter where Blaugh was working and stabbed her in the chest with a knife. He then dropped the knife and fled. James Jordan, a fellow employee who witnessed the attack, immediately pursued the assailant and caught and struggled with him two times but the assailant managed to escape from Jordan. Bystanders who witnessed the fight between Jordan and the assailant continued the pursuit and caught the man in an alley. Police then returned him to Murphy's where Jordan positively identified him as the man who attacked Blaugh. A witness to the fight also identified appellant as the man with whom Jordan was fighting. Further, appellant's clothing generally matched the description of the assailant's attire, namely a red or maroon jacket and dark pants.

I.

The first issue addressed the propriety of an instruction given to the jury, namely:

"The State is not required to prove that the accused had a motive—that is, some understandable reason—for committing the crime with which he is charged."

Appellant made a timely objection to the instruction which precipitated a discussion between the trial judge, the prosecutor and defense counsel. Defense counsel claimed the instruction was a misstatement of the law and a negative instruction and the prosecutor responded that since appellant had raised the issue of motive the State was entitled to an explanatory instruction.

On appeal, appellant contends the issue of motive was not raised by the presentation of evidence at trial and therefore the giving of the instruction was improper. However, no support to be found in this record of trial events has been pointed out, and the trial judge found that the issue had been raised in appellant's opening statement. Furthermore, it is plainly evident that the attack described was deliberate and unaccompanied by circumstances commonly found in conjunction with such delib-

erate and dangerous conduct. The victim testified that she did not recognize her assailant and that he did not speak.

■ Appellant further asserts that the instruction was an incomplete statement of the law and a negative instruction. Motive is not an element of attempted murder and therefore the instruction is a correct statement of the law. *Armstrong v. State* (1982), Ind., 429 N.E.2d 647; *Coleman v. State* (1976), 265 Ind. 357, 354 N.E.2d 232. The instruction does not carry the message complained of, namely that the failure of the proof to disclose an understandable reason for the attack should be regarded as favorable to or supporting the burden of the State to prove guilt. The instruction does not carry the message that the jury should ignore the lack of proof of a motive commonly found in such circumstances. The instruction is instead structured in such a manner as to prevent the jury from giving improper acquittal force to such lack of proof. The law prefers to leave subjects such as this to the summation of counsel, however, we do not accord the giving of this instruction in this case as constituting a mistake warranting reversal.

## II.

Appellant asserts there was insufficient evidence to support his conviction on the issues of identity and the elements of intent and substantial step toward commission of the crime.

In reviewing sufficiency claims, we will not reweigh the evidence nor judge the credibility of the witnesses. Rather, we will consider only the evidence most favorable to the State and all reasonable inferences to be drawn therefrom which support the verdict. If there is substantial evidence of probative value which would permit a reasonable trier of fact to find the existence of each element of the offense beyond a reasonable doubt, the judgment must be affirmed. *Henderson v. State* (1980), 273 Ind. 334, 403 N.E.2d 1088.

■ On the issue of identity, James Jordan saw appellant attack Blaugh and immediately pursued appellant, never losing sight of him until others took up the chase. Bystanders seeing the fight between Jordan and appellant pursued appellant when he eluded Jordan and detained him in an alley until police arrived. Jordan positively identified appellant at trial as did one of the fight witnesses. Further, appellant's attire at the time of his arrest was similar to that described by the witnesses to the attack. There was sufficient identity evidence presented from which the jury could reasonably determine beyond a reasonable doubt that appellant was the person who attacked Blaugh.

■ Appellant asserts there was insufficient evidence presented to prove the occurrence of a substantial step toward the commission of the crime of murder. Testimony reveals that appellant approached Blaugh and stabbed her in the chest with a knife. Blaugh required emergency surgery, hospitalization and at the time of trial had not recovered completely from the stabbing. The evidence clearly shows a substantial step toward the crime of murder.

■ On the issue of intent, the deliberate use of a deadly weapon in a manner likely to cause death or great bodily harm is sufficient to show the requisite intent. *Johnson v. State* (1983), Ind., 455 N.E.2d 932; *Clay v. State* (1982), Ind., 440 N.E.2d 466. The evidence revealed appellant used a knife to stab Blaugh in the chest and this is sufficient on the issue of intent. *Maxwell v. State* (1970), 254 Ind. 490, 260 N.E.2d 787.

The conviction is affirmed.

SHEPARD, C.J., and GIVAN, PIVARNIK and DICKSON, JJ., concur.