James H. HARPER, Appellant,

v.

STATE of Indiana, Appellee.

No. 82S00–8707–CR–669.

Supreme Court of Indiana.

June 15, 1988.

Jeffery L. Lantz, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

Appellant was charged with two counts of Attempted Murder. A jury trial resulted in a finding of guilty of the included offense of Attempted Voluntary Manslaughter, a Class B felony, on each count. Appellant was sentenced to two consecutive twenty (20) year sentences.

The facts are: On May 9, 1986, Farestine Cooper and Tula Shane, the victims in this case, were sitting in Allen's Lounge, located in Evansville, when appellant approached their table and sat down with them. Appellant ordered drinks then asked Tula to dance with him. When they came back to the table, appellant asked her to go home with him; she refused. An argument ensued and Tula demanded that appellant leave the table, whereupon appellant cut Tula on the arm with a knife. When Farestine saw that appellant was cutting Tula, she hit him in the face with her purse. Appellant sustained a cut lip and a broken gold-capped tooth. Appellant then attacked Farestine and cut her from the top of her head across an ear, severing part of the ear; then across her throat, cutting her external jugular vein; and down to the top of her breastbone.

The treating physician also testified that she had a laceration three to four centimeters deep on her anterior chest wall. The surgeon further testified that both women sustained life-threatening injuries as a result of the attack.

Appellant claims there is insufficient evidence to support the respective convictions of attempted voluntary manslaughter of both victims. Appellant contends the testimony of the various witnesses was so inconsistent, contradictory and uncertain, that no reasonable man could convict him. Contrary to the testimony of other witnesses, appellant claims the first indication of any trouble was when Farestine struck him in the mouth with her purse. He thus claims his actions were in self-defense. He does not remember pulling any knife, and he first knew the women were injured when he saw them lying on the floor.

He claims there is no evidence that he was aware of the high probability that his actions could have resulted in either victim's death. He further claims that the evidence is especially weak concerning the injuries to Tula Shane, in that he was

charged with cutting at and against her head and face, whereas the major injury she sustained was to her arm, and the laceration on her forehead was not significant by comparison.

First, we see no inconsistencies as to the testimony of the various witnesses concerning the principal facts in this case. Secondly, there is no question that Farestine sustained severe and life-threatening injuries as above described. The fact that Tula's injuries were not so severe does not gainsay the fact they were life threatening. She did in fact sustain a laceration to her forehead, and the jury could easily deduce from the testimony in this case that the severe wound to her forearm was sustained in her attempt to protect her face from the blow. This coupled with the fact that the attending physician testified that the injuries to both women were life threatening was sufficient to support the jury's finding in this regard.

As to appellant's claim that there is no evidence that he knowingly attempted to kill the women, we point out that the deliberate use of a deadly weapon in a manner likely to cause death or great bodily harm is sufficient to show the requisite intent. *Rogers v. State* (1987), Ind., 506 N.E.2d 481.

As to appellant's claim of self-defense, the testimony of others was to the effect that appellant struck the first blows and that Farestine did not strike appellant until he had attacked Tula with the knife. We would further point out that even if we would accept appellant's statement that he was first struck in the mouth with a lady's purse, we can hardly accept his argument that being attacked by a woman swinging her purse is life threatening enough to justify self-defense by the use of a knife.

We cannot say that a reasonable man would be so frightened by such an attack.

Appellant claims the total sentence of forty (40) years, that is, two twenty (20) year sentences to be served consecutively, is manifestly unreasonable, vindictive, and violates the Indiana Constitution and the Constitution of the United States. He claims the trial court failed to set forth and consider the mitigating circumstances of the case. A trial court is required to give its reasons for finding either aggravating or mitigating circumstances. *Hammons v. State* (1986), Ind., 493 N.E.2d 1250. It is discretionary with the trial court to use either aggravating or mitigating circumstances. Even though appellant submitted evidence of circumstances which he argues are mitigating, the trial court was within its discretion in refusing to mitigate the sentences. *Id.*

The court did in fact articulate the aggravating circumstances. He found that appellant's previous convictions in Tennessee and in Vanderburgh County, Indiana, that the seriousness of the crime, including the life-threatening injuries inflicted on the two victims, and that the fact appellant demonstrated no feeling for the victims after inflicting the injuries were circumstances justifying the enhancement of both sentences from the presumptive ten (10) years to twenty (20) years to be served consecutively.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.