Jeffrey ROBERTSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–8708–CR–732.

Supreme Court of Indiana.

May 23, 1989.

Aaron E. Haith, Choate Visher & Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant was charged by information, in two counts, with the crimes of robbery and confinement. There was a trial and verdicts of guilty of robbery while armed, a Class B felony, I.C. 35–42–5–1, and not guilty of confinement, were returned by the jury. Judgment was entered on the verdict. The court gave a sentence of fifty years, one enhanced by a further finding of habitual offender. Appellant filed a motion to correct error which was overruled and this appeal was perfected.

The facts from the record which support the determination of guilt are as follows.

Melissa Zook worked as a cashier at a Village Pantry store in Indianapolis. On August 13, 1986, a man approached the counter with a bag of potato chips and announced a robbery, pointing a gun at her. She activated a silent alarm and turned on a camera. When some other people came in, the man stuck the gun in his pants. She put money and food stamps in a bag and gave it to the man who departed, leaving the potato chips and some candy bars on the counter. Zook pointed out appellant Robertson in the court room as the man who had done these things.

The question presented in this appeal is whether the verdict is supported by the evidence. Appellant contends that the evidence serving to identify him as the perpetrator of the robbery and to prove that the perpetrator was armed with a gun is wholly insufficient to support the jury verdict. In determining these questions this Court cannot weigh the evidence or resolve questions of credibility, but looks to the evidence and reasonable inferences therefrom which tend to support the verdict. *Smith v. State* (1970), 254 Ind. 401, 260 N.E.2d 558. The conviction will be affirmed if from that viewpoint there is substantial evidence of probative value from which a reasonable trier of fact could infer that appellant was guilty beyond a reasonable doubt. *Rogers v. State* (1987), Ind., 506 N.E.2d 481.

On the issue of identity and the issue of whether the robber was armed, the cashier Zook testified she observed a man come into the store and examine the potato chips, and that he was there about three minutes before he approached the counter. It was night time, but the store inside was very well lighted. A dialogue between the two commenced:

She: Is that all for you?

He: You know this is a robbery don't you?

She: Well, I don't see no gun.

At this point he pulled out a gun and, according to her words, "stuck it to her". The dialogue then continued.

He: Give me the money bitch.

At this point some customers entered the store. The dialogue continued.

> He: Some people is coming in. Don't try anything or I will blow your fucken head off.

He then stuck the gun back in his pants. She reached down, got a sack and put money into it. He spoke again.

> He: That is enough.

He then left the store with the bag. After having repeated this conversation in her testimony, Zook pointed out appellant as the man who had robbed her in the store that night, and testified further that she became afraid when she saw the gun and that she then responded to his demand. No gun was ever recovered.

During her testimony, the cashier admitted describing the robber to a police officer as having shoulder length curly hair. None of the photographs taken during the robbery showed a man with such long hair. None of the photographs showed a gun in hand. Defense witnesses including appellant's fiancee and two of his sisters placed him at a birthday party at the time of the crime, dressed in clothing different from that of the robber.

Appellant contends that the discrepancies in the victim's testimony together with the strength of the alibi evidence and the failure of the photographs to show a weapon render the identification and the evidence of the use of a weapon insufficient. The natural force of these facets of the proof at trial tends to diminish the credibility of the prosecution's major witness and to reduce the weight of her testimony. The alibi evidence tends to show innocence and creates a major conflict in the evidence as a whole. However, these facets of proof favoring the defense do not serve on appeal to satisfy the burden of showing a lack of sufficient evidence to convict. They stand instead in opposition to, and tend to diminish the weight of, the direct trial testimony of Zook that it was appellant who robbed her and, while so doing, held a gun in his hand and threatened her with it. On appeal, that direct trial testimony, uncorroborated though it may be, is sufficient to sustain this armed robbery conviction. *Young v. State* (1986), Ind., 493 N.E.2d 455; *Mears v. State* (1983), Ind., 455 N.E. 2d 603. While it is not necessary to do so in resolving this issue, it may nevertheless be noted that within each of these facets of the case supporting the position of the defense, there are competing inferences to be drawn which tend to bring them in harmony with the evidence of guilt.

The conviction is affirmed.

SHEPARD, C.J., and GIVAN, PIVARNIK and DICKSON, JJ., concur.