Timothy BARTRUFF, Appellant,

v.

STATE of Indiana, Appellee.

No. 79S00–8712–CR–01193.

Supreme Court of Indiana.

May 3, 1990.

Bruce W. Graham, Trueblood Graham & O'Reilly, Lafayette, for appellant.

Linley E. Pearson, Atty. Gen., Wendy L. Stone, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is an appeal from convictions for burglary of a dwelling, a Class B felony, I.C. 35–43–2–1, and theft, a Class D felony, I.C. 35–43–4–2. An enhanced sentence of twelve years and a standard sentence of two years were imposed. I.C. 35–50–2–5; I.C. 35–50–2–7. They were ordered served concurrently to one another, but consecutively to a sentence then being served.

The gravamen of the offenses was that appellant, along with two accomplices, Sweet and Morrow, broke into the house of James and Susan Walker and removed guns, knives and other items of personal property and loaded them into appellant's van. Two large tool boxes, a grinder, and a motorcycle were also taken from the garage and loaded into the van. The house was left in shambles. Appellant contends in this appeal that the evidence serving to show that he had an intent to steal was wholly insufficient to support the jury verdict. In determining this question, we do not weigh the evidence nor resolve questions of credibility, but look to the evidence and reasonable inferences therefrom which support the verdict. *Smith v. State* (1970), 254 Ind. 401, 260 N.E.2d 558. A conviction will be affirmed if, from that viewpoint, there is evidence of probative value from which a reasonable trier of fact could find the existence of each element of the offense beyond a reasonable doubt. *Rogers v. State* (1987), Ind., 506 N.E.2d 481.

In proof of the element of intent, the victim James Walker testified that the items taken from his house at the time of the break-in belonged to him and that the value of all items was about $19,000. None of the items were recovered, and the Walkers collected $10,000 from their insur-

ance company. He also testified that he had known Sweet well, but no longer associated with him. On cross-examination, he denied having entered into an agreement with Sweet to do an "insurance job," that is, to stage a burglary, hide or sell the items taken, and make a fraudulent insurance claim.

In further proof of intent, Sweet and Morrow testified for the prosecution pursuant to plea agreements. Sweet testified that this was not an insurance job and that Walker had no part in it. He stated that appellant had driven to Lafayette from his home in Kouts in a white van and stayed at a motel. The three met for a planning session the day before the burglary. Appellant was particularly interested in the motorcycle and had new shock absorbers put on his van to carry the major weight of it. The three executed the plan the following day at noon while the Walkers were working. Appellant then transported all the stolen items in his van back to his home in Kouts. Sweet testified that he never received any money or property from the crime, but that at the time he expected appellant to give him something at some future time.

Morrow testified for the State and, in so doing, described the planning of the crime and its execution as had Sweet; however, he stated that he was told by Sweet that this was to be an "insurance job." Appellant Bartruff testified in his own defense that he had nothing at all to do with the crime and that Sweet and Walker were lying to help themselves.

■ Appellant focuses upon the evidence of Morrow's belief that the taking of property was to facilitate an insurance claim, upon the inherent weakness of incriminating testimony procured by the State from co-defendants, and upon the lack of evidence of a reason for the crime. To the extent that these appellate assertions accurately reflect the record, they do not demonstrate on appeal an insufficiency of evidence of an intent to steal. They do instead pose a problem to be resolved by the trier of fact. In so doing, the jury was warranted in concluding to a certainty be-

yond a reasonable doubt, from the testimony of the victim Walker and the accomplice Sweet, that appellant had an intent to steal, and not a lesser or different sort of intent, when participating in the break-in at the Walker residence.

■ The second claim on appeal challenges the propriety of the sentencing order wherein two years were added to the basic ten-year sentence for burglary and wherein the concurrent sentences were ordered served consecutively to a sentence meted out by the Porter Superior Court in a case identified as Cause No. 86–PSCR–52. Counsel for appellant filed a motion to correct errors challenging the validity and severity of the sentence. Upon a defense motion to correct errors, the trial court modified its sentence and restated the aggravating circumstances as follows:

> The Court lists the following aggravating circumstances: (1) Prior criminal record which includes two (2) DUI convictions, charges of carrying a handgun and concealed weapon, aggravated assault, dealing in a schedule II controlled substance, a Class B felony, and sentenced as follows: two (2) counts, terms of ten (10) years each count, sentences to run concurrently.

This order supplants the earlier one and, therefore, is the ultimate record statement. The aggravating circumstance relied on in this sentence is a history of criminal activity, expressly contemplated by I.C. 35–38–1–7(b)(2). This aggravating circumstance may serve as a valid basis for both enhancing a presumptive sentence and for ordering sentences to be served consecutively. *Curry v. State* (1983), Ind., 453 N.E.2d 1006. This statement is detailed and peculiarly related to the particular defendant, is of sufficient substance to support a two-year enhancement of the presumptive sentence for the burglary conviction, and would support a discretionary order for consecutive service of sentences.

■ Where, however, as here, the commencement of a sentence has been delayed, i.e., it is ordered to be served consecutive to the service of another sentence, the sentencing order or the record must

indicate whether the mandatory provision, subsection (b), or the discretionary provision, subsection (a), of the consecutive sentence statute was deemed applicable. *See* I.C. 35–50–1–2. This is part of the requirement that the trial judge provide specific reasons for imposing a consecutive sentence. *Erby v. State* (1987), Ind., 511 N.E.2d 302. This Court has recently held that the discretionary authority afforded by subsection (a) to give consecutive sentences is limited to situations in which the trial court is contemporaneously imposing the two sentences to be served consecutively. *Kendrick v. State* (1988), Ind., 529 N.E.2d 1311. Since this is not the case here, only the mandatory provisions of subsection (b) could apply, and this record does not supply a basis for the conclusion that it does apply. Consequently, the cause must be remanded to the trial court with instructions to specify the legal authority and justification for the consecutive sentence order or, in the alternative, to drop it.

 The final claim on appeal is that the trial court committed error when refusing to give defendant's tendered instructions 1 and 4, which defined the crime of mischief and required the jury to consider whether appellant should be convicted of this lesser offense rather than burglary. Appellant acknowledges that the test to be applied by the trial court in making the decision whether to give such instructions focuses in its first constituent part upon the statutes defining the two offenses involved and the particular charging instrument, and focuses in its second part upon whether the evidence actually introduced at trial supports the giving of the instruction on the purported lesser offense. *Salahuddin v. State* (1986), Ind., 492 N.E.2d 292; *Lawrence v. State* (1978), 268 Ind. 330, 375 N.E.2d 208. Appellant posits that the crime of mischief includes causing another to suffer pecuniary loss by deception. This is correct. I.C. 35–43–1–2(a)(2). Appellant next posits that the evidence given by Morrow that he believed from statements of Sweet that he was pulling an "insurance job" would support the inference that it was a scheme to defraud an insurance company. The information, however, properly construed, notifies the accused that the felonious intent charged is the intent to deprive those in lawful possession of property on the Walker premises of the value and use of such property, and not to deprive insurers of their money. In so specifying the criminal intent at the time of the break-in, the drafter of the information has precluded consideration of mischief in the form posited in the argument as a lesser and included offense.

The convictions are affirmed. The cause is remanded for a statement justifying application of the mandatory provision of the consecutive sentencing statute or for a modification of the sentencing order deleting the requirement of consecutive sentences.

SHEPARD, C.J., and GIVAN and DICKSON, JJ., concur.

PIVARNIK, J., not participating.