**Kwame Joseph RAY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 45A03–9108–CR–260.**

Court of Appeals of Indiana,
Third District.

Jan. 27, 1992.

Albert E. Marshall, Jr., Crown Point, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Sue A. Bradley, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

HOFFMAN, Judge.

Appellant-defendant Kwame Joseph Ray appeals a trial court order imposing a sentence for a probation violation which was ordered to be served consecutively to the sentence he received for his conviction for theft during his probationary period.

The facts relevant to the appeal disclose that Ray pleaded guilty to theft. In September 1990, the trial court sentenced Ray to a one and one-half year suspended sentence and placed Ray on probation. In March 1991, Ray was convicted of auto theft. In August 1991, the probation department filed a petition to revoke Ray's probation and the formerly suspended sentence. After a hearing, the trial court revoked Ray's probation, ordered Ray to serve the sentence which had formerly been suspended, and ordered that the sentence be served consecutively to the sentence he received for his conviction on an offense committed during his probationary period. This appeal ensued.

On appeal, Ray raises one issue for review: whether the trial court erred in imposing a consecutive sentence without stating reasons on the record for the consecutive sentence.

Ray contends and the State acknowledges that the imposition of consecutive sentences requires a sentencing statement specifying the basis for the sentence and whether the sentence is mandatory or discretionary. *See Bartruff v. State* (1990), Ind., 553 N.E.2d 485, 487–488. Here, the trial court's order on sentencing did not include reasons for the imposition of the consecutive sentence.

Although the consecutive sentence was mandatory under the provisions of IND.CODE § 35–50–1–2(b) (1988 Ed.), the *Bartruff* decision did not exempt such sentences from the requirement for a specific statement by the sentencing court.

Accordingly, the cause is remanded for a sentencing statement on the record. If a consecutive sentence is imposed under the mandatory provisions, the specific provision shall be included in the statement.

Remanded with instructions.

GARRARD and STATON, JJ., concur.