CHEZEM, Judge.

Case Summary

Appellant-Defendant Jerry Noel Miller (“Miller”) appeals his conviction for attempted murder, a class A felony. We affirm.

Issues

Miller presents two issues for review, which we restate as:
I. Whether there is sufficient evidence to sustain his conviction for attempted murder; and,
II. Whether the trial court erroneously failed to state for the record whether the imposition of a consecutive sentence was discretionary or mandatory.

Facts and Procedural History

The facts most favorable to the verdict show that in the early morning of June 7, 1992, cab driver Donald Frayer (“Frayer”). was dispatched to pick up Miller and his brother, Robert Miller (“Robert”). At first, Robert sat directly behind Frayer, but the two men soon switched sides so that Miller was seated behind Frayer. They instructed Frayer to drive them to the Zig-Zag Club in Calumet City. After a brief stop, Frayer resumed the trip to the Zig-Zag Club.
The cab had travelled approximately two blocks when Miller pulled out a pocket knife and stabbed Frayer three times. Frayer jumped out of the moving cab while Robert was pulling Miller off of Frayer. Frayer broke his ankle in the process, but managed to run to a house nearby for help.
Officers Kenneth Stump and Jeffrey Ritter arrived on the scene and saw both Miller and Robert standing near the cab with blood on them. Frayer identified Miller and Robert as being in his cab when he was attacked. The officers advised Miller and Robert of their Miranda rights and took them to the Hammond police department.
During transport, Miller repeatedly stated that he had stabbed Frayer and indicated *1356 that Robert was not involved in the attack. After Miller arrived at the police department, he again waived his Miranda rights and repeatedly stated that he had stabbed Frayer and he hoped that the victim did not survive the attack.
A jury found Miller guilty of attempted murder, a class A felony, and he was sentenced to thirty years in prison, to be served consecutive to a sentence he received in Texas.

Discussion and Decision

Miller contends that there is not sufficient evidence to sustain his conviction for attempted murder. Specifically, he claims the evidence did not show that he stabbed Frayer. We disagree.
When reviewing the sufficiency of the evidence, we will neither reweigh the evidence nor assess the credibility of the witnesses. Jones v. State (1992), Ind., 589 N.E.2d 241, 242. We will consider only the evidence favorable to the verdict and all reasonable inferences to be drawn from that evidence. Id. If there is substantial evidence of probative value to support the conclusions by the trier of fact, we shall affirm the conviction. Id.
There is overwhelming evidence from which a jury could have reasonably determined that Miller stabbed Frayer. In addition to Miller’s repeated confessions, Robert testified that Miller stabbed Frayer. Frayer testified that Miller was seated behind him, that he felt pressure on the back of his seat immediately before he was stabbed, and that he was stabbed by the person sitting directly behind him. Finally, the officers found a knife in Miller’s pocket. Miller’s challenges to the accuracy of the testimony presented or the conditions under which the crime was observed go to weight given by the trier of fact, not the sufficiency of the evidence. McKinney v. State (1990), Ind., 558 N.E.2d 829. There is sufficient evidence to sustain Miller’s conviction.
Next, Miller contends, and the State concedes, that the trial court erroneously failed to include a statement specifying whether his consecutive sentence was discretionary or mandatory under Indiana Code § 35-50-l-2(b). However, we find it unnecessary to remand because the error was harmless.
The trial court imposed a thirty-year sentence, to be served consecutive to a sentence Miller received in Texas. However, the trial court failed to specify whether the consecutive sentence was discretionary or mandatory as required. Bartruff v. State (1990), Ind., 553 N.E.2d 485, 487-88; Ray v. State (1992), Ind.App., 585 N.E.2d 36, 37. In Bartruff, the supreme court found it necessary to remand the case for a more specific sentencing statement because it was not evident from the record whether the consecutive sentence was mandatory or discretionary. 553 N.E.2d at 488.
However, this case differs from Barbruff because it is evident from the record that Miller’s consecutive sentence was mandatory under Indiana Code § 35-50-l-2(b). Because the record shows that Miller’s consecutive sentence was mandatory under the statute, it is unnecessary to go through the formality of remanding the case to the trial court.
Affirmed.
RILEY and GARRARD, JJ., concur.