**Ronald G. BECKER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 45A03–9804–CR–178.

Court of Appeals of Indiana.

Dec. 28, 1998.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Defendant Ronald G. Becker ("Becker") appeals his conviction after a jury trial of Criminal Deviate Conduct, a class B felony.[1] We affirm.

### Issue

The sole issue raised on appeal may be restated as whether the evidence was sufficient to demonstrate that the victim was unaware that the act of deviate sexual conduct was occurring as required to sustain a conviction under IND.CODE § 35–42–4–2(a)(2).

### Facts

The evidence most favorable to the verdict reveals that Becker admitted to police that he had placed his finger in the victim's vagina while she was asleep. (R. 168–69). The victim testified that on several occasions, she awoke to find that Becker was molesting her. (R. 71–75).

### Discussion and Decision

Becker argues that the evidence is insufficient to sustain his conviction because the victim testified that she awoke during the molestations and, thus, that she was aware that they were occurring.

#### Standard of Review

The standard for reviewing the sufficiency of evidence is well-settled. We neither weigh the evidence nor judge witness credibility. *Roach v. State,* 695 N.E.2d 934, 941 (Ind.1998). Rather, we examine only the evidence most favorable to the State, along with all reasonable inferences to be drawn therefrom. *Id.* If there is substantial evidence of probative value from which a jury could find guilt beyond a reasonable doubt, then we will affirm. *Id.* The uncorroborated testimony of a victim is sufficient to sustain a conviction. *Robertson v. State,* 538 N.E.2d 241, 242 (Ind.1989).

This is the first Indiana case to examine the term "unaware" under this subsection of the Criminal Deviate Conduct statute, IND. CODE § 35–42–4–2(a)(2). Similarly, no

James F. Stanton, Crown Point, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Randi E. Froug, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

1. IND.CODE § 35–42–4–2(a)(2).

Indiana case has been decided under the analogous provision of the Rape statute, IND. CODE § 35–42–4–1(a)(2), which requires proof that the victim "is unaware that the sexual intercourse is occurring."[2]

■ The term "unaware" has not been defined by the legislature. In such circumstances, penal statutes are to be strictly construed against the State and should be held to prohibit only that conduct which is clearly within the spirit and letter of the statutory language. *Marshall v. State*, 602 N.E.2d 144, 147 (Ind.Ct.App.1992), *trans. denied.* However, criminal statutes are not to be narrowed to the point that they exclude cases which the language fairly covers. *Barger v. State*, 587 N.E.2d 1304, 1306 (Ind.1992). Penal statutes should be interpreted in order to give efficient operation to the expressed intent of the legislature. *Id.* Words and phrases are taken in their plain, ordinary, and usual meaning unless a different purpose is manifested by the statute. *JKB, Sr. v. Armour Pharmaceutical Co.*, 660 N.E.2d 602 (Ind.Ct.App.1996), *trans. denied.* Statutes relating to the same general subject matter are *in pari materia* and should be construed together so as to produce a harmonious statutory scheme. *Sanders v. State*, 466 N.E.2d 424, 428 (Ind.1984).

"Unaware" is defined as "not aware: lacking knowledge or acquaintance: UNCONSCIOUS." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2483 (1986 ed.). We have noted that a person is unconscious during sleep. *See Brooks v. Bloom*, 151 Ind.App. 312, 279 N.E.2d 591, 595 (1972).

Moreover, it is the general, if not universal, rule that if a man has intercourse with a woman while she is asleep, he is guilty of rape because the act is without her consent. *See* 65 AM JUR 2d § 8 at 766 (1972); 75 C.J.S. *Rape* § 14a. at 480 (1952); *Commonwealth of Pennsylvania v. Price*, 420 Pa.Super. 256, 616 A.2d 681, 683–84 (1992) (sleep constitutes unconsciousness under statute which includes the definition of rape to include intercourse with a victim who is unconscious); *Ex parte Childers*, 310 P.2d 776, 777 (Okla.Crim.App.

1957) (the general, if not universal, rule is that sleep vitiates consent); *State v. Stroud*, 362 Mo. 124, 240 S.W.2d 111, 112–13 (1951); *State v. Welch*, 191 Mo. 179, 89 S.W. 945 (1905).

■ Under the circumstances of the present case, the jury could reasonably infer that the victim was unaware that the act of deviate sexual conduct was occurring while she was asleep. Becker's argument that the victim was aware of the conduct once she awoke lacks merit because the crime had been completed at that point. Therefore, the evidence was sufficient to support Becker's conviction.

Affirmed.

NAJAM, J., and SHARPNACK, C.J., concur.

---

**2.** However, in *Bryant v. State*, 644 N.E.2d 859, 860 n. 1 (Ind.1994), our supreme court noted that, due to the victim's illness and intoxication, the defendant could have been charged with Rape under the "unaware" subsection, now IND. CODE § 35–42–4–1(a)(2).