**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JILL M. ACKLIN**
Acklin Law Office LLC
Westfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MAJORIE LAWYER-SMITH**
Special Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GREGORY HENSLEY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  49A05-1111-CR-605 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Mark D. Stoner, Judge
Cause No. 49G06-1009-FB-71981

**July 17, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER,  Judge**

Appellant-defendant Gregory Hensley appeals his conviction for Criminal Deviate Conduct,[1] a class B felony, arguing that the evidence was insufficient.  Specifically, Hensley argues that the State failed to prove that the victim was unaware that the deviate conduct was occurring.  Finding sufficient evidence, we affirm.

FACTS

During the early morning hours of September 10, 2010, A.S. was asleep in her bed with her husband.  She was naked and sleeping on her stomach with her head turned towards the wall.  Hensley entered the couple's house through the back door.  He looked around the house and opened the bedroom door.  He walked around the bed and saw A.S. sleeping.  A.S. felt the covers come off her body.  She then felt "something cold in [her] private area." Tr. p. 23.  She felt a cold insertion inside of her inner labia from the rear. She was not sure what the cold item was because she "wasn't awake." Tr. p. 38.

A.S. immediately turned over, sat up, and saw Hensley standing by her bed. A.S. then screamed, "who the f**k are you?" Tr. p. 27.  Hensley replied, "I don't know where I am." Tr. p. 27.  A.S. called out to her husband, Joe, who woke up.  Joe put on his glasses and then also yelled, "who the f**k are you?" Tr. p. 28.  Hensley responded that he did not know where he was and was sorry.

About a minute after Hensley left through the backdoor,  A.S. called the police. While on the phone with the 911 operator, Hensley returned and knocked on the back

---
[1] Ind. Code § 35-42-4-2

door. When Joe opened the door, Hensley asked if he could come in and look for his cell phone. Joe allowed him in, hoping that the police would arrive while Hensley was still in the house. Hensley looked around the room for his phone, but left without locating it.

When the police arrived, A.S. explained the sexual assault to the police and she was taken to the hospital for a sexual assault examination. The examination revealed injuries to A.S's. genitals, consistent with human fingernails.

As a result of the incident Hensley was charged with criminal deviate conduct as a class B felony and residential entry as a class D felony. Following a jury trial on September 19, 2011, Hensley was found guilty as charged. Hensley was sentenced to fifteen years with five years suspended on the criminal deviate conduct offense and three years for the residential entry, to run concurrently. The trial court also adjudicated Hensley a "sexually violent predator." (App. 17). He now appeals only the criminal deviate conduct conviction.

## ARGUMENT

In resolving Hensley's challenge to the sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. Rather, we respect "the jury's exclusive province to weigh conflicting evidence." McHenry v. State, 820 N.E.2d 124, 126-27 (Ind. 2005) Appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict. Id.

To prove criminal deviate conduct as charged, the State must show that Hensley "knowingly or intentionally cause[d] another person to. . . submit to deviate sexual

3

conduct when [ ]. . . the other person [was] unaware that the conduct [was] occurring." Ind. Code § 35-42-4-2.

In Nolan v. State, 863 N.E.2d 398 (Ind. Ct. App. 2007), this court addressed a similar argument. In that case, Nolan contended that the victim was not "unaware" under Indiana Code Section 35-42-4-2(a) (2) because she was only "halfway asleep." He argued that she was not unconscious and could not have been unaware of his act. This court rejected Nolan's argument, citing Bryant v State, 644 N.E.2d 859, 860 n.1 (Ind. 1994), which suggested that a victim's illness and intoxication may lead to her being sufficiently "unaware" for the rape statute to apply, even if the victim never loses consciousness. Nolan, 863 N.E.2d at 402. In affirming his conviction, this court reasoned that the criminal deviate conduct statute as a whole supported the proposition that "unaware" is not equivalent to "unconscious" and that; instead, the legislature intended a broader definition. Id.

Similarly, in Becker v. State, 703 N.E.2d 696 (Ind. Ct. App. 1998), Becker placed his finger in the victim's vagina while she was asleep. The victim testified that on several occasions, she awoke to find that "[Becker] was molesting her." Id. at 697. Becker argued that the victim was not "unaware" because she awoke while the molestation was occurring. Id. This court rejected Becker's argument, concluding that the jury "could reasonably infer that the victim was unaware that the act of deviate sexual conduct was occurring while she was asleep. [Becker's] argument that the victim was aware of the

4

conduct once she awoke lacks merit because the crime had been completed at that point." Id. at 698.

Hensley attempts to distinguish the holdings in Nolan and Becker because A.S. felt the covers being lifted off her body. In other words, Hensley claims that she had an awareness that the other victims did not. However, the fact that A.S. began to stir when she felt Hensley remove the covers is certainly not equivalent to her being awake and alert to the fact that she was about to be sexually assaulted. Indeed, the evidence established that A.S. was not aware of Hensley's presence and what was occurring until she felt the cold penetration and opened her eyes. At that point, the criminal deviate conduct had already occurred, just as it had in Becker and Nolan.

In conclusion, the evidence demonstrated that A.S. was "unaware" of the criminal deviate conduct for the purposes of Indiana Code Section 35-42-4-2. A.S. was not alert when the penetration occurred, even though she felt Hensley remove the covers. Consequently, we find the evidence sufficient to support Hensley's conviction for criminal deviate conduct.

The judgment of the trial court is affirmed.

KIRSCH, J., and BROWN, J., concur.