## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 06 2019, 10:33 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Stanley L. Campbell<br>Fort Wayne, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana |
| | Courtney Staton<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Cody A. Fyock,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | November 6, 2019<br><br>Court of Appeals Case No.<br>19A-CR-1006<br><br>Appeal from the Allen Superior Court<br><br>The Honorable Frances C. Gull, Judge<br><br>Trial Court Cause No.<br>02D05-1808-F3-50 |

**Baker, Judge.**

[1] Cody Fyock appeals his conviction for Level 3 Felony Attempted Rape,[1] arguing that the evidence is insufficient to support the conviction. Finding the evidence sufficient, we affirm.

## Facts

[2] A.W. lives with John Hart, who is blind, in Monroeville. She helps him with his daily needs, and they have a father-daughter relationship.

[3] On June 7, 2018, A.W. met up with a group of people, including Fyock, at a local bar. Over the course of the evening, A.W. drank multiple beers and multiple shots of liquor. A.W. drank until she became "severely intoxicated" and decided to walk home. Tr. Vol. II p. 42.

[4] Hart's residence is about two blocks away from the bar. A.W. does not remember walking home, but she does remember finding herself on Hart's couch. Hart removed her shoes, covered her with a blanket, and returned to his room to watch television. Later, Hart heard the door open, and walked through the house, asking if anybody was there, but did not hear anything out of place. He attempted to talk to A.W., but she was passed out or asleep and did not respond.

[5] A.W. awoke to find Fyock on top of her, with his penis inside her vagina. Her shorts had been removed and she was still wearing her shirt and bra. When she

---

[1] Ind. Code §§ 35-41-5-1, 35-42-4-1.

realized what was happening, she began to cry and say no as she tried to push Fyock off of her. Meanwhile, Hart was in his bedroom and heard a slamming noise coming from the front of the house. He heard a man's voice say, "Your p*ssy's so tight. Wrap your legs around me. . . . Suck my d*ck." *Id.* at 80-81. Hart heard A.W. respond by saying no and crying "[o]w, ow, ow" in pain. *Id.* at 81. Hart yelled, "I don't know who the f*ck you are, I don't care, you're not gonna hurt her," left his bedroom, and entered the living room. *Id.* As Hart approached the couch, Fyock said, "It's Cody" and that he was just "fooling around" and "[w]hen she said no, I stopped." *Id.* Hart told Fyock that he needed to leave his house and walked him to the door. A.W. got off the couch and ran to the bathroom, where she vomited and cried.

[6] The next day, Hart called law enforcement. The responding officer took A.W. to a sexual assault treatment center, where she was treated by a sexual assault nurse examiner. A.W. had bruises, soreness, and vaginal pain. Later that day, Fyock communicated to A.W. that he was "so sorry about last night." *Id.* at 51.

[7] On August 22, 2018, the State charged Fyock with two counts of Level 3 felony attempted rape, two counts of Level 6 felony sexual battery, and one count of Level 6 felony residential entry. On January 15, 2019, a jury trial was held, at the conclusion of which the jury found Fyock guilty as charged. On April 10, 2019, the trial court entered judgment of conviction on one count of Level 3 felony attempted rape and Level 6 felony residential entry; the remaining convictions were vacated on double jeopardy grounds. The trial court

sentenced Fyock to an aggregate term of seventeen years imprisonment. Fyock now appeals.

# Discussion and Decision

[8] Fyock's sole argument on appeal is that the evidence does not support his conviction for Level 3 felony attempted rape. When reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the conviction and will neither assess witness credibility nor reweigh the evidence. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We will affirm unless no reasonable factfinder could find the elements of the crime proved beyond a reasonable doubt. *Id.*

[9] To convict Fyock of Level 3 felony attempted rape, the State was required to prove beyond a reasonable doubt that Fyock, acting knowingly or intentionally, engaged in conduct that constituted a substantial step toward causing A.W. to perform or submit to sexual intercourse when A.W. was unaware that the sexual intercourse was occurring. I.C. §§ 35-41-5-1, 35-42-4-1(a)(2).[2] Fyock argues that there is insufficient evidence that A.W. was unaware that the

---

[2] The State also charged Fyock with Level 3 felony attempted rape based on an allegation that he attempted to compel A.W. by force or imminent threat of force to have sexual intercourse. The jury found him guilty of this charge, but the trial court vacated it on double jeopardy grounds, allowing the other rape conviction to stand in its place.

Even if we were to decide that there is insufficient evidence to support the rape conviction that was reduced to a judgment, the remedy would be to remand with instructions to reinstate the other rape conviction, for which there is sufficient evidence. *See* Appellant's Br. 14 (conceding that "[i]t would be fair to argue that the state had met its burden of Attempted Rape . . . on a theory that A.W. was compelled by force" based on the amount of bruising observed by the nurse examiner as well as the evidence that A.W. tried to resist Fyock's actions, telling him "no" repeatedly and crying out in pain).

intercourse was occurring. This Court has held that in the context of the rape statute, "'[u]naware is defined as 'not aware: lacking knowledge or acquaintance; Unconscious.'" *Glover v. State*, 760 N.E.2d 1120, 1124 (Ind. Ct. App. 2002) (citing Webster's Third New Int'l Dictionary 2483 (1986 ed.)). The *Glover* Court elaborated that if someone has sexual intercourse with a person who is asleep, the act is rape because it occurred without the consent of the sleeping person. *Id.* at 1124; *see also Becker v. State*, 703 N.E.2d 696, 698 (Ind. Ct. App. 1998) (observing that "a person is unconscious during sleep").

[10] The record reveals that A.W. drank so much alcohol over the course of the evening that she became "severely intoxicated" and does not even remember the walk home. Tr. Vol. II p. 42. She remembers being on the couch in Hart's home. After that, she fell asleep or passed out. At some point, Hart tried to talk with her, but she did not respond because she was asleep or unconscious. The next thing she remembers is awakening to find that her shorts had been removed and Fyock's penis was in her vagina. The uncorroborated testimony of a sole witness can be sufficient to support a conviction, even when that witness is the victim. *E.g.*, *Dalton v. State*, 56 N.E.3d 644, 648 (Ind. Ct. App. 2016). Therefore, A.W.'s testimony, alone, is sufficient to support the conviction, but we note that her testimony was fully corroborated by Hart's.

[11] Based on A.W.'s testimony, a reasonable juror could have concluded that Fyock removed A.W.'s shorts, unfastened and pulled down his own pants, and placed his penis into her vagina while she was either asleep or unconscious. Fyock's arguments to the contrary amount to a request that we reweigh the

evidence, which we may not do. The evidence is sufficient to support Fyock's conviction for Level 3 felony attempted rape.

[12] The judgment of the trial court is affirmed.

Kirsch, J., and Crone, J., concur.