JEFFERY A. HENDRICKSON *v*. STATE OF INDIANA.

[No. 1-774A114. Filed April 10, 1975. Rehearing denied
May 13, 1975.]

*Kennard P. Foster, Jones, Foster & Loveall,* of Franklin, for
appellant.

*Theodore L. Sendak,* Attorney General, *Harry John Watson,
III,* Deputy Attorney General, for appellee.

ROBERTSON, C.J.—Defendant-appellant, Hendrickson, appeals from his conviction of the sale of marijuana.

We are asked to determine whether the trial court erred in overruling Hendrickson's two motions to suppress involving the legality of a vehicle search and testimony relating to the currency used in the sale in question.

Finding no reversible error, we affirm.

The facts relevant to this appeal are as follows: On May 11, 1973, the sheriff of Shelby County received a phone call from an informant advising him that the informant had been

offered a chance to purchase marijuana from Hendrickson. Shortly thereafter, the sheriff met the informant and gave him a five dollar bill and a ten dollar bill with which to purchase the marijuana. The sheriff had recorded the serial numbers. The informant drove his own car to a local drive-in theatre where he again met Hendrickson. Following a brief meeting, both left in their own cars with the sheriff following. Hendrickson and the informant met in a grocery store parking lot where they made an exchange between the two cars, which was observed by several police officers. The informant had exchanged the money given to him by the sheriff for a bag of marijuana.

After this transaction, the sheriff met the informant at an arranged meeting place where the informant gave the sheriff the bag of marijuana. In the meantime, Hendrickson proceeded to the Blue River Inn where he and three other persons got into another car and drove to a service station. Officers Mason and Hardin arrived on the scene and detained the four for investigatory purposes.

During the conversation with Hendrickson, Officer Hardin observed, through a window, part of a smoking pipe laying on the back floorboard. After detecting an odor of marijuana, the officer reached into the vehicle through an open door and confiscated the pipe. All four were arrested for possession of the smoking apparatus and were taken to the Shelby County jail. During the booking procedure, an inventory search of Hendrickson's personal belongings revealed a five dollar bill and a ten dollar bill bearing the same serial numbers as those given to the informant earlier in the evening. Because of the continuing nature of the investigation, the currency was returned to Hendrickson's wallet and no arrest was made. However, record was made of the fact that the serial numbers of the currency in possession of Hendrickson matched those of the currency given to the informant.

On May 31, 1973, Hendrickson was charged with the sale of marijuana. Hendrickson filed two motions to suppress in an

effort to exclude from evidence the sheriff's testimony that the bills found in Hendrickson's possession during the inventory search contained serial numbers identical to those upon the bills given the informant to make the purchase of marijuana. In the first motion to suppress, Hendrickson contended that this evidence was the product of an unlawful search and seizure. In the second, he contended that admission of the testimony would violate the best evidence rule. Both motions were overruled. After trial by jury Hendrickson was found guilty as charged and sentenced to an indeterminate period of one to ten years. This appeal follows.

Without deciding the legality of the initial search or whether the best evidence rule was violated, we are of the opinion that the admission of the sheriff's testimony, even if erroneous, would fall within the category of harmless error.

It is well settled that the introduction of otherwise inadmissible evidence which is merely cumulative and not decisive of guilt is not prejudicial error. *Grimes* v. *State* (1972), 258 Ind. 257, 280 N.E.2d 575; *Mitchell* v. *State* (1972), 259 Ind. 418, 287 N.E.2d 860. The question is whether the defendant was prejudiced to the extent that the improperly admitted evidence contributed to the verdict against him.

We are of the opinion that the sheriff's testimony was merely cumulative and did not significantly contribute to the verdict against Hendrickson.

The informant testified that he had made the purchase of marijuana from Hendrickson and had used the currency given to him by the sheriff to make the payment. The informant's testimony was corroborated by that of several police officers who directly observed the exchange of marijuana between Hendrickson and the informant. After making the purchase, the informant met the sheriff and gave him the marijuana he had obtained from Hendrickson. The marijuana was admitted into evidence at trial.

In light of this strong evidence of Hendrickson's guilt, we

are of the opinion that the sheriff's testimony concerning the serial numbers was merely cumulative and did not contribute to the verdict.

Even if the admission of the evidence was erroneous, Hendrickson was not harmed thereby.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.