# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**VICTORIA L. BAILEY**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

**FILED**
Jun 18 2014, 9:41 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL TORRES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1308-CR-727 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Grant Hawkins, Judge
Cause No. 49G05-1201-MR-5766

**June 18, 2014**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

Michael Torres was convicted, after a jury trial, of murder[1], and Class A misdemeanor, carrying a handgun without a license.[2] He argues his right to confront witnesses against him was violated. We affirm.

## FACTS AND PROCEDURAL HISTORY

Torres had dated Tia Brady, who in December 2011 was living with Darnall Lindsay ("DJ") in an apartment in Marion County. On December 19, 2011, Torres went to that apartment and knocked on the door. Brady looked through the peephole and saw Torres wearing a red hat and holding a gun pointed at the floor. Torres told her to open the door or he would shoot through it. Brady called 911.

DJ arrived home and saw people outside the apartment. Destiny Armstrong saw a person on the sidewalk wearing a red hat and holding a black gun in his outstretched arm. Richard Morales, who was with Armstrong, heard three gunshots and saw two black men slowly backing away from the apartment. Morales and Armstrong flagged down a police officer and took him to the apartment.

While Brady was on the phone with 911, she heard scuffling outside the door followed by gunshots. DJ told her to open the door and said he had been shot. She opened the door and DJ fell to the floor, holding a black 9 mm pistol. When police arrived, DJ was lying in the doorway, with a hole in his abdomen and blood on his legs. Brady told the police Torres had been involved, and officers recovered a red hat, four spent 9 mm casings, and two spent

---

[1] Ind. Code § 35-42-1-1.

[2] Ind. Code § 35-47-2-1.

2

bullets from the scene. The spent casings and bullets were all fired from the gun police recovered.

DJ was taken to the hospital where he died of his wounds. He had suffered gunshot wounds to his right thigh, left arm, and the fatal shot to his abdomen. Dr. John Cavanaugh performed an autopsy. By July 2013, when the trial was held, Dr. Cavanaugh had left Marion County. At trial, the State called Dr. Joye Carter, the chief forensic pathologist at the Marion County Coroner's Office, as an expert witness. She testified that she had reviewed the records, including photographs, from DJ's autopsy, and she testified about the cause and manner of DJ's death. Torres did not object to Dr. Carter's testimony, and Dr. Cavanaugh's report was not admitted into evidence.

The jury found Torres guilty as charged.

## DISCUSSION AND DECISION

The Confrontation Clause of the Sixth Amendment to the United States Constitution provides a criminal defendant has the right "to be confronted with the witnesses against him." U.S. Const., amend. VI. In 2004, the United States Supreme Court held "testimonial hearsay" may not be admitted against a criminal defendant absent a showing that the witness who made the hearsay statements is unavailable for trial and that the defense had a prior opportunity to cross examine that witness. *Crawford v. Washington,* 541 U.S. 36, 59 (2004). Thereafter, the Supreme Court extended that holding to certain situations involving lab reports. *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 310 (2009).

Finally, in 2011, the Supreme Court held:

> The question presented is whether the Confrontation Clause permits the prosecution to introduce a forensic laboratory report containing a testimonial certification – made for the purpose of proving a particular fact – through the in-court testimony of a scientist who did not sign the certification or perform or observe the test reported in the certification. We hold that surrogate testimony of that order does not meet the constitutional requirement. The accused's right is to be confronted with the analyst who made the certification, unless that analyst is unavailable at trial, and the accused had the opportunity, pretrial, to cross-examine that particular scientist.

*Bullcoming v. New Mexico*, __ U.S. __, 131 S. Ct. 2705, 2710 (2011).

Torres has waived this claim as to Dr. Carter's testimony because he did not object at trial. *See Small v. State,* 736 N.E.2d 742, 747 (Ind. 2000) (Small waived confrontation issue where his trial objection was based solely on argument that testimony was hearsay). Torres therefore argues allowing Dr. Carter's testimony was fundamental error. An exception to the doctrine of waiver arises when errors are so blatant and serious that to ignore them would constitute a denial of fundamental due process, *i.e.*, fundamental error. *Madden v. State*, 656 N.E.2d 524, 526 (Ind. Ct. App. 1995), *trans. denied*.

The fundamental error doctrine permits us to consider the merits of an improperly raised error if the error was so prejudicial to the rights of the appellant that he could not have had a fair trial. *Id*. To be "fundamental," error must be "a clearly blatant violation of basic and elementary principles, and the harm or potential for harm therefrom must be substantial and apparent." *James v. State*, 613 N.E.2d 15, 25 (Ind. 1993). This means that irremediable prejudice to a defendant's fundamental right to a fair trial must be immediately apparent in the disputed evidence or argument. *Allen v. State*, 686 N.E.2d 760, 775 n.3 (Ind. 1997),

4

*reh'g denied, cert. denied sub nom Allen v. Indiana*, 525 U.S. 1073 (1999).

Torres argues the trial court violated his right to confrontation and committed fundamental error when it permitted Dr. Carter to testify about the results of the victim's autopsy when she did not perform the autopsy. We do not find fundamental error in the admission of Dr. Carter's testimony. Dr. Carter was asked whether she had an occasion to "look at and examine the autopsy of a Darnell Lindsay, autopsy #12-0024?" (Tr. at 315.) But there is no reference to exactly what was included in that autopsy. Nor was any specific reference made to Dr. Cavanaugh's report. When questioned about the number of times the victim had been shot, Dr. Carter referred to "the investigation" and "the doctor's report," (*id.* at 326), but it is not apparent from her testimony to which documents she was referring. We therefore cannot conclude that the "investigation" or "report" to which she was referring was Dr. Cavanaugh's report, or that her testimony otherwise invoked Torres' right to confront a witness.

Torres next argues there was fundamental error because he could not cross-examine Dr. Cavanaugh "on evidence critical to his claim of self-defense." (Br. of Appellant at 7.) Specifically, he points to the State's argument at trial that the number of gunshot wounds the victim sustained showed there was no struggle and Torres' use of force was unreasonable.

Any error in admitting Dr. Carter's testimony on that matter was harmless. Other witnesses testified about the number and location of bullets recovered from the scene, and about the number of gunshots they heard. Those witnesses were subject to Torres' cross-examination.

5

In light of the fact her testimony was cumulative of testimony provided by other witnesses, the admission of Dr. Carter's testimony was not fundamental error. *See Hendrickson v. State*, 163 Ind. App. 580, 582, 325 N.E.2d 499, 500 (1975) (introduction of otherwise inadmissible evidence that is merely cumulative and not decisive of guilt is not prejudicial error).

Affirmed.

BAILEY, J., concurs.

KIRSCH, J., dissents with separate opinion.

_____

# IN THE
# COURT OF APPEALS OF INDIANA

MICHAEL TORRES,                )
                                     )

    Appellant-Defendant,      )
                                     )

        vs.              )     No.  49A02-1308-CR-727
                                     )

STATE OF INDIANA,         )
                                     )

    Appellee-Plaintiff.       )

**KIRSCH, Judge,** *dissenting.*

In *Bullcoming v. New Mexico*, ___ U.S. ___, 131 S. Ct. 2705, 2710 (2011), the United States Supreme Court held that with respect to autopsy reports, the "[t]he accused's right is to be confronted with the analyst who makes the certification" and that "surrogate testimony" does not satisfy the constitutional requirement. Here, the only testimony to the cause and manner of death was the surrogate testimony of Dr. Joyce Carter who rendered her opinions based solely upon the autopsy report and autopsy photographs done by another pathologist.

The admission of this testimony violated the constitutional confrontation rights of the accused. Moreover, on the conflicting facts and inferences presented by the record before us, I cannot conclude that the error was harmless beyond a reasonable doubt.

I respectfully dissent and would reverse the conviction and remand for a new trial.